141 P.3d 1054

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Shawn W. KERRIGAN, Defendant–Appellant.**

**No. 32494.**

Supreme Court of Idaho, Boise, March 2006 Term.

May 26, 2006.

Rehearing Denied Aug. 9, 2006.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Justin M. Curtis, Deputy State Appellate Public Defender argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen, Deputy Attorney General argued.

BURDICK, Justice.

Shawn Kerrigan appeals from the district court's denial of his Rule 35 motion for correction of an illegal sentence. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 1991, Kerrigan pleaded guilty to aggravated battery stemming from an incident in which he shot and severely injured an Idaho State Trooper during a traffic stop.[1] The district court imposed on Kerrigan a forty-five year sentence with forty years determinate and five years indeterminate. The forty-five year sentence was comprised of fifteen years for aggravated battery pursuant to I.C. § 18–907 (1991), plus a fifteen year enhancement (a doubling of the original sen-

---

1. The circumstances of Kerrigan's offenses are discussed in *State v. Kerrigan*, 123 Idaho 508, 509, 849 P.2d 969, 970 (Ct.App.1993). There, the Court of Appeals summarized the facts as follows:

 On June 15, 1991, Kerrigan was speeding along Interstate 84 in a car stolen from his girlfriend in Wisconsin. Idaho State Police Officer Steven Hobbs, driving a marked patrol car, stopped Kerrigan. When the officer approached Kerrigan's car on foot, Kerrigan shot at him four times with a nine millimeter pistol. Three of the bullets hit the officer. Kerrigan sped away. Officer Hobbs tried to chase him in his car, but drove off the road after falling unconscious. Kerrigan drove a little farther along the freeway to a nearby rest stop, abandoned his car, and fled on foot into the desert. He was caught the next day. Officer Hobbs was severely and permanently injured by the shooting.

tence) pursuant to I.C. § 18–915 (1991) because the battery was upon a law enforcement officer, plus an additional fifteen year enhancement pursuant to I.C. § 19–2520 (1991) because of the use of a firearm in the commission of the crime.

In 2003, Kerrigan filed a Rule 35 Motion to Correct an Illegal Sentence in which he argued that Idaho law does not permit the addition of multiple sentencing enhancements to a single substantive crime. The district court denied the motion, ruling it was barred because Kerrigan had already filed a Rule 35 motion. The Court of Appeals determined the district court erred in ruling the motion was barred, noting that a motion to correct an illegal sentence can be brought at any time under Rule 35. However, the Court of Appeals affirmed the district court's denial of the motion on the alternative grounds that I.C. § 19–2520E, a statute limiting the application of multiple sentence enhancements, did not apply to Kerrigan's sentence. This appeal followed.

## II. STANDARD OF REVIEW

We give "serious consideration to the Court of Appeals" when considering a case already reviewed by our intermediate appellate court. *Northland Ins. Co. v. Boise's Best Autos & Repairs*, 131 Idaho 432, 433, 958 P.2d 589, 590 (1998). "[H]owever, this Court reviews the trial court decision directly. This Court is not merely reviewing the correctness of the Court of Appeals' decision; rather, this court is hearing the matter as if the case were on direct appeal from the district judge's decision." *Id.* Moreover, determining a statute's meaning is a matter of law over which we exercise free review. *Fisk v. Royal Caribbean Cruises, Ltd.*, 141 Idaho 290, 292, 108 P.3d 990, 992 (2005).

## III. ANALYSIS

On appeal to this Court, Kerrigan and the State agree that I.C. § 19–2520E does not apply to Kerrigan's sentence. Instead, Kerrigan argues that his sentence was illegal because the district court lacked specific authority to impose more than one sentencing enhancement onto his conviction for a single substantive offense. Before turning to that question, however, we must first address a jurisdictional challenge raised by the State.

### A. The District Court's Jurisdiction

The State argues the district court was without jurisdiction to hear Kerrigan's Rule 35 motion to correct an illegal sentence because it was a disguised motion to withdraw his guilty pleas. Since Kerrigan's motion was entered more than ten years after the entry of judgment, the State contends in was untimely and the district court was without jurisdiction to consider it. Furthermore, the State asserts that if Kerrigan's sentence is corrected in the fashion he requests, it would result in Kerrigan not serving time for one or the other of the enhancements to which he pleaded guilty. Therefore, the State continues, it is in essence an attack on his conviction, not his sentence. The State appears to claim that Kerrigan has literally asked this Court to vacate his conviction and sentence for I.C. § 18–915 (1991), battery upon a law enforcement officer.

Whether a court lacks jurisdiction is a question of law that may be raised at any time, *Pizzuto v. State*, 127 Idaho 469, 471, 903 P.2d 58, 60 (1995), and over which we exercise free review, *State v. Barros*, 131 Idaho 379, 381, 957 P.2d 1095, 1097 (1998). However, a review of Kerrigan's Rule 35 motion and his subsequent briefs reveals that he is not asking to withdraw his guilty pleas. Although a judgment of conviction and the resulting sentence are related matters, they are not identical issues. The fact that Kerrigan challenges the legality of his sentence is not, as the State suggests, tantamount to an attack on his underlying conviction. A motion to withdraw a guilty plea must be entered within forty-two days of judgment, *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003), but a "court may correct an illegal sentence at any time," I.C.R. 35. As a result, the district court possessed the necessary jurisdictional power to consider Kerrigan's motion.

### B. The Imposition of Multiple Enhancements

Kerrigan argues the district court erred in imposing two sentence enhancements to his single substantive conviction for aggravated battery. Idaho Code § 19–2520 permits a district court to enhance a sentence for a

violation of I.C. § 18–907 (aggravated battery) for the use of a firearm, but Kerrigan argues it does not allow a court to enhance a sentence that has already been enhanced by I.C. § 18–915 (assault or battery upon a law enforcement officer). Section 18–915 is not referenced as an enhanceable offense in I.C. § 19–2520. In addition, Kerrigan notes that both I.C. §§ 18–915 and 19–2520 are designed to increase the maximum penalty for a violation of I.C. § 18–907. Under either enhancement, asserts Kerrigan, the maximum penalty becomes thirty years. Thus, Kerrigan contends that even if both enhancements are applied they must be applied against I.C. § 18–907 and the resulting maximum penalty is still thirty years. He concludes it was error to sentence him to forty-five years, that the statutes do not permit a district court to "stack" enhancements on each other and if the statutes were meant to allow this then I.C. § 19–2520 would reference I.C. § 18–915.

Kerrigan notes that Idaho law is silent on the question of whether multiple sentence enhancements may be attached to a single substantive conviction. From this, Kerrigan concludes the district court was without authority to do so.

■ Kerrigan is incorrect for two reasons. First, the district court had statutory authority for each sentence enhancement considered separately. In 1991, I.C. § 18–915 (assault or battery upon a law enforcement officer) provided for the doubling of Kerrigan's fifteen year sentence for aggravated battery. Idaho Code § 19–2520 (extended sentence for use of firearm or deadly weapon) provided for an additional fifteen year sentence for Kerrigan's use of a firearm in the commission of his offense. The pertinent statutes contained no language prohibiting both enhancements from being attached to a sentence for a single substantive crime. Kerrigan is correct that I.C. § 18–915 is not referenced as an enhanceable offense in I.C. § 19–2520, but I.C. § 19–2520 need not enhance I.C. § 18–915; it can enhance I.C. § 18–907 directly.

Second, the two enhancements added to Kerrigan's sentence were not duplicative, and the application of both enhancements to a single substantive offense thereby serves the legislature's intent to deter the conduct proscribed by each of them. The firearms enhancement serves to discourage the use of deadly weapons in the commission of other crimes, while the enhancement for assault or battery upon a law enforcement officer is designed to protect those who preserve the public welfare. Since they deter and punish separate aspects of the criminal conduct to which Kerrigan pleaded guilty, each serves a separate and legitimate purpose.

## IV. CONCLUSION

We affirm. The district court had jurisdiction pursuant to I.C.R. 35 to review Kerrigan's motion because it was not a motion to withdraw his guilty pleas, but instead a motion to correct an illegal sentence. Moreover, because I.C. § 18–915 and I.C. § 19–2520 can both enhance I.C. § 18–907 separately and independently of each other, Kerrigan's sentence was not illegal.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and JONES concur.

