IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 37900

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | Boise May 2011 Term |
| | ) | |
| Plaintiff-Respondent, | ) | 2011 Opinion No. 96 |
| | ) | |
| v. | ) | Filed: September 7, 2011 |
| | ) | |
| DIEGO MORALES PEREGRINA, | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

District court ruling on divisibility, remanded.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Jason C. Pintler argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. John C. McKinney argued.

————————————

BURDICK, Chief Justice

This case arises out of Diego Morales Peregrina's conviction for two counts of aggravated battery and two firearm enhancements; one for each battery. Peregrina argues that there was insufficient evidence to support the district court's "implicit" finding that the crimes arose out of divisible courses of conduct, and that even if there was, the State had the burden to submit the issue of divisibility to the jury and prove it beyond a reasonable doubt. We remand to the district court for proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 2007, Peregrina attended a child's birthday party and was in a verbal confrontation with two men. Peregrina returned later that night and continued the exchange, which culminated in Peregrina shooting Alfred Ramirez in the chest and Juan Garcia in the face. Peregrina was charged by information and convicted, after a jury trial, of two counts of aggravated battery under I.C. §§ 18-903(a) and -907(1)(b), and two enhancements for the use of a firearm during the commission of those batteries under I.C. § 19-2520. He was also charged and convicted of unlawful possession of

1

a firearm under I.C. § 18-3316. No instruction was requested by either Peregrina or the State regarding I.C. § 19-2520E, which states that when two crimes "arise out of the same indivisible course of conduct," the defendant "may only be subject to one (1) enhanced penalty."

The district court sentenced Peregrina as follows: ten years fixed for the first count of aggravated battery; ten years fixed for the second count of aggravated battery consecutive to the first count; ten years indeterminate enhancing the sentence in the first count; and ten years indeterminate enhancing the sentence in the second count, both consecutive to the previous counts. Peregrina was also sentenced to five years fixed for his conviction for unlawful possession of a firearm, to run concurrent with the other sentences, with credit for two hundred days served. Peregrina appealed his Judgment and Sentence to the Court of Appeals, which affirmed. Peregrina petitioned for review, and this Court granted the petition.

## II.     ISSUES ON APPEAL

1. Whether the fact of divisibility increases the maximum authorized statutory penalty under *Apprendi* such that there was error in the State's failure to submit it to the jury and prove it beyond a reasonable doubt.

2. Whether the alleged *Apprendi* error was fundamental and reversible.

## III.     STANDARD OF REVIEW

This Court gives "serious consideration to the Court of Appeals when considering a case already reviewed by our intermediate appellate court." *State v. Kerrigan*, 143 Idaho 185, 187, 141 P.3d 1054, 1056 (2006) (internal quotation marks omitted). However, this Court reviews the decision of the district court directly, as if the case were on direct appeal from the district judge's decision. *Id*. Statutory interpretation is a question of law over which this Court exercises free review. *Fields v. State*, 149 Idaho 399, 400, 234 P.3d 723, 724 (2010).

## IV.     ANALYSIS

This case revolves around a single question: Who can make a finding of fact with regard to the divisibility of conduct under I.C. § 19-2520E? Idaho law allows for certain crimes to be punished more severely when they are committed using a firearm. Idaho Code § 19-2520. Aggravated battery is one of those crimes. *Id*. If a jury finds that a defendant used a firearm in the commission of a battery, his sentence may be increased by a maximum fifteen years. *Id*. The legislature used "shall" in the statute, making this a mandatory increase to the maximum penalty. *Id*.

However, this statute is not without limitation. Another section of the code provides that a

defendant can only be subject to one increased penalty if the "crimes arose out of the same indivisible course of conduct . . . ." Idaho Code § 19-2520E. Thus, if two crimes are committed using a firearm, but those crimes were committed in the same indivisible course of conduct, a defendant can only be sentenced with one enhancement penalty.

It is undisputed that the question of divisibility is one of fact. *State v. Johns*, 112 Idaho 873, 882, 736 P.2d 1327, 1336 (1987). Under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The question, then, is whether a finding of divisibility or indivisibility increases the penalty for the crime beyond the statutory maximum. Unless it does, it does not fall under *Apprendi* and the jury is not required to find that fact.

Under I.C. § 19-2520, the State must prove beyond a reasonable doubt to a jury: (1) the defendant was convicted of one or more of the delineated crimes; (2) the defendant displayed, used, threatened, or attempted to use a firearm or other deadly weapon during the commission of these crimes; and (3) if the deadly weapon at issue is a firearm, it has (a) the capability of propelling projectiles; and (b) if the firearm was not operable, it could readily have been rendered operable. Once these facts are found, I.C. § 19-2520 mandates an increase to the maximum penalty allowed for the enumerated crime by fifteen years. It is important to note that the jury found these predicate elements beyond a reasonable doubt, subjecting Peregrina to the mandatory sentence increase.

Section 19-2520E acts as a limitation to this mandatory sentence increase. *Johns*, 112 Idaho at 882, 736 P.2d at 1336. *Johns* stated that § 19-2520E "by its wording, limits the otherwise mandatory duty of the district court to enhance 'multiple' sentences under I.C. § 19-2520." *Id*. Because I.C. § 19-2520E operates to limit the otherwise mandatory nature of the increase, finding divisibility or indivisibility is not a fact that increases the penalty for the crime. Rather finding of indivisibility, I.C. § 19-2520E is a mitigating factor that acts to reduce the penalty for the crime. As such, it is not subject to *Apprendi* and is a fact that can be found by the court.

Here, the jury found that Peregrina committed two acts of aggravated battery while using a firearm. Therefore, the statutory maximum for each crime is thirty years. Idaho Code §§ 18-907 and 19-2520. Idaho Code § 19-2520E would decrease the statutory maximum penalty as to one of Peregrina's convictions if both of his crimes "arose out of the same divisible course of conduct." Thus, § 19-2520E would operate to reduce Peregrina's maximum sentence for one of his

3

convictions, not to increase it. As a result, it was well within the inherent authority of the trial judge to make a finding regarding the divisibility or indivisibility of Peregrina's crimes. However, there was no such finding made, and the matter must be remanded to the district court for a finding on the issue of indivisibility pursuant to I.C. § 19-2520E. Because a finding of divisibility or indivisibility is not subject to *Apprendi* this Court does not need to address the second issue raised on appeal.

## V.    CONCLUSION

A finding of indivisibility can only act to reduce the statutory maximum penalty for multiple crimes subject to enhanced penalties under I.C. § 19-2520. As a result, that finding is not subject to *Apprendi*, and can be found by the trial judge. We remand to the district court for a finding of divisibility or indivisibility of Peregrina's conduct, followed by sentencing consistent with that finding.

Justices EISMANN and J. JONES, **CONCUR.**

Justice W. Jones, dissenting:

The Majority holds that there was no error under the U.S. Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), because I.C. § 19-2520E only reduces the punishment authorized. I respectfully dissent.

**A.    Because the Fact of Divisibility Increases the Maximum Authorized Statutory Penalty By Authorizing a Second Enhancement, There Was *Apprendi* Error in the State's Failure to Submit the Issue to the Jury.**

It is undisputed that the question of divisibility or indivisibility under I.C. § 19-2520E is one of fact. *State v. Johns*, 112 Idaho 873, 882, 736 P.2d 1327, 1336 (1987). Under *Apprendi*, "any fact (other than the fact of a prior conviction) that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362–63 (2000). This is because "[i]t is unconstitutional . . . to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." *Id.*, 120 S. Ct. at 2363. The first question that must be resolved, then, is whether the fact of indivisibility or divisibility in I.C. § 19-2520E increases the penalty for a crime beyond the authorized statutory maximum. If it does, the burden of proof was on the prosecution to raise it, prove it beyond a reasonable doubt and submit it to the jury under *Apprendi*; and the failure to do all of those acts was error. The Court must then determine whether that unobjected-to error was fundamental under *State v. Perry*, 150 Idaho 209,

4

245 P.3d 961 (2010). The Majority holds that the § 19-2520E does not increase the penalty but rather only reduces the penalty and thus *Apprendi* does not apply. Justice Eismann concurs. Justice Horton believes that § 19-2520E is an affirmative defense that was waived by Peregrina's failure to raise it.

The prosecution did not attempt to prove divisibility of the two aggravated batteries, and did not submit the issue to the jury. The State contends it did not have the burden to do so. Justice Horton, in his dissent, agrees. The State relies on dicta in this Court's decision in *State v. Clements*, 148 Idaho 82, 218 P.3d 1143 (2009), wherein the Court stated that "[b]y pleading guilty to both firearm enhancements, Clements waived the statutory, fact-based defense that the murder and attempted murder arose out of the same indivisible course of conduct under I.C. § 19-2520E." 148 Idaho at 86, 218 P.3d at 1147. In that case, Clements brought an I.C.R. 35 motion to correct his sentence based on the allegation that the court did not have the authority to impose two firearm enhancements for second-degree murder and attempted second-degree murder, because the crimes arose out of the same indivisible course of conduct. *Id.* at 83, 218 P.3d at 1144. Clements had pled guilty to both the underlying offenses as well as the firearm enhancements. *Id.* He did not raise the issue of indivisibility until his Rule 35 motion, and at that time, the district court reviewed the transcript of the preliminary hearing and found that both crimes had arisen out of the same indivisible course of conduct. *Id.* at 84, 218 P.3d at 1145. This Court stated that because Clements' *plea of guilty* to the firearm enhancements waived all non-jurisdictional defects and defenses to those enhancements, he had waived the statutory, fact-based defense of indivisibility under I.C. § 19-2520E, and could not raise it for the first time at his I.C.R. 35 motion. *Id.* at 86, 218 P.3d at 1147. The Court eventually rested its holding on the proposition that the district court may not review the facts underlying an alleged "illegal" sentence at a Rule 35 hearing, and the Court's statement that Clements had waived his defense under § 19-2520E by pleading guilty to the enhancements was dictum that did not affect the holding. *Id.* at 87, 218 P.3d at 1148.

Here, unlike in *Clements*, Peregrina pled not guilty to the firearm enhancements, and thus he did not waive his non-jurisdictional challenges to the enhancements. Rather, by pleading not guilty, "every material allegation of the indictment, information or complaint" was put in issue. I.C. § 19-1715. Peregrina did not "waive" his right to have a jury determine the issue of divisibility by failing to raise it. By failing to raise the issue or object to it below, Peregrina may have "forfeited" the issue under § 19-2520E, but he did not "waive" it. *United States v. Olano,* 507 U.S. 725, 733,

5

113 S. Ct. 1770, 1777 (1993) (distinguishing "forfeiture" of a claim, which results from a failure to assert the claim in a timely fashion, and which does not prevent an appellate court from reviewing the claim for plain error, from "waiver," which is the "intentional relinquishment or abandonment of a known right," and which permanently extinguishes the right to raise the claim). As set forth in this Court's decision in *Perry*, an asserted error in a criminal trial raised for the first time on appeal is still reviewable under the fundamental error analysis even if it may have been "forfeited" below. *Perry*, 150 Idaho at 225, 245 P.3d at 977. Therefore it is not appropriate to apply the dictum in *Clements* characterizing the determination of the facts in § 19-2520E as waived here, where no "intentional relinquishment" of the determination on divisibility occurred. *United States v. Polouizzi*, 564 F.3d 142, 152 (2d Cir. 2009) (holding that the defendant waived his right to challenge the jury instructions because in response to the judge's proposed alternative instruction, the defendant indicated that the original instruction was satisfactory).

It is also noted that while I.C.R. 30(b) normally prohibits a defendant from challenging a jury instruction for the first time on appeal, "even absent a timely objection to the trial court, claims of instructional error are reviewable for the first time on appeal under the fundamental error doctrine." *State v. Hansen*, 148 Idaho 442, 444, 224 P.3d 509, 511 (Ct. App. 2009) (citing *State v. Anderson*, 144 Idaho 743, 748, 170 P.3d 886, 891 (2007)). Therefore, Peregrina's failure to ask for an instruction on divisibility did not waive his right to challenge whether the lack of an instruction on the issue was error.

Both the State and the Majority conclude that § 19-2520E only reduces the penalty for the underlying crimes rather than increasing it and is thus not subject to *Apprendi*. Peregrina contends that this argument was already made by Arizona and rejected by the U.S. Supreme Court in *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428 (2002). At issue in *Ring* was a statutory scheme in Arizona in which a judge was required to find the presence of an aggravating factor in order to sentence a defendant convicted of first-degree murder to death. 536 U.S. at 604, 122 S. Ct. at 2440. Arizona law specified that "death or life imprisonment" were the only sentencing options for first-degree murder, but that same statute explicitly cross-referenced another statute that required the finding of an aggravated circumstance by a judge before imposition of the death penalty. *Id.* at 604, 122 S. Ct. at 2440–41. Ring argued that under *Apprendi*, he had the right to have a jury determine the presence of the aggravating factor beyond a reasonable doubt. Arizona argued that "death" was already the statutory maximum penalty for the jury's verdict for first-degree murder under the

6

language of the statute, and therefore the aggravating factor required to impose the death penalty did not increase the maximum penalty (beyond "death") under *Apprendi*. *Id.* at 603–04, 122 S. Ct. at 2440.

The Supreme Court noted that "[i]f a State makes an increase in a defendant's authorized punishment contingent on the finding of a fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt." *Id.* at 602, 122 S. Ct. at 2439. It reiterated that "the dispositive question . . . is not one of form, but of effect." *Id.* It found that even though the language of the statute stated that "death or life imprisonment" were the punishments for first-degree murder, Arizona's interpretation that the aggravating factor only reduced the sentence under the statute would render the rule of *Apprendi* "meaningless and formalistic." *Id.* at 604, 122 S. Ct. at 2441. The Court held that the statute required that another fact had to be found in order to sentence the defendant to death, and therefore the maximum penalty authorized by the jury verdict was only life imprisonment. *Id.*, 122 S. Ct. at 2440. Thus, it concluded that the required finding of an aggravating factor exposed the defendant to a greater punishment, the death penalty, than that authorized by the jury verdict without the finding of an aggravating factor, life imprisonment, and thus under *Apprendi*, the facts underlying the aggravating factor were required to be determined by a jury beyond a reasonable doubt. *Id.* at 609, 122 S. Ct. at 2443.

The Supreme Court reiterated this principle in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), holding that

> [w]hether the judge's authority to impose an enhanced sentence depends on finding a specified fact (as in *Apprendi*), one of several specified facts (as in *Ring*), or any aggravating fact (as here), it remains the case that the jury's verdict alone does not authorize the sentence. The judge acquires that authority only upon finding some additional fact.

542 U.S. at 305; 124 S. Ct. at 2538. It acknowledged that in both *Apprendi* and *Ring*, "the defendant's constitutional rights had been violated because the judge had imposed a sentence greater than the maximum he could have imposed under state law without the challenged factual finding." *Id.* at 303, 124 S. Ct. at 2537. It also clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* (emphasis in original). It noted the difference between factors that a judge has discretion to consider in imposing a lesser sentence within a statutorily defined range and facts that "pertain to whether the defendant has a legal right to

7

a lesser sentence," the latter of which is within "the traditional role of the jury," and thus "must be found by a jury" under the Sixth Amendment. *Id.* at 309, 124 S. Ct. at 2540.

A recent case decided by the U.S. Supreme Court under *Apprendi* tackled a similar but distinguishable issue to the one here. At issue in *Oregon v. Ice*, 555 U.S. 160, 129 S. Ct. 711 (2009) was Oregon's statutory scheme for imposing consecutive, rather than concurrent, sentences when a defendant had been convicted of more than one crime. 555 U.S. at ---, 129 S. Ct. at 715. Under the Oregon statute, sentences were required to run concurrently unless the judge found that the offenses did not "arise from the same continuous and uninterrupted course of conduct," in which case the judge had the discretion to impose the sentences consecutively. *Id.* The Supreme Court found that the discretion to impose consecutive sentences rather than concurrent ones historically rested with the judge, not the jury. *Id.* at ---, 129 S. Ct. at 717. It also noted that States have an interest in the development of their penal systems, and thus the Court should defer to Oregon's decision to place discretion for imposing consecutive sentences with the judge absent a compelling reason not to do so. *Id.* at ---, 129 S. Ct. at 718–19. The Court found that the Sixth Amendment did not inhibit States from assigning to judges, rather than juries, the finding of facts necessary to justify the imposition of consecutive, rather than concurrent sentences for multiple offenses. *Id.* at ---, 129 S. Ct. at 716–20.

Here, I find that the fact of divisibility increases the maximum authorized sentence on the defendant when that defendant has been charged with multiple enhancements. The decision in *Ice* is not analogous. It revolved around whether a judge or a jury should have the *discretion* to decide if two imposed sentences should be served consecutively. The case here revolves around whether the judge has the *authority* to impose an additional enhanced sentence at *all*, not just whether a judge may determine the facts necessary to decide whether to impose the sentence consecutively to the other sentences instead of concurrently. *Ice* thus concerned a "sentencing function in which the jury traditionally played no part," i.e., the discretion to impose a consecutive rather than a concurrent sentence. *Ice*, 555 U.S. at ---, 129 S. Ct. at 714.

On the other hand, here it seems clear that § 19-2520E was intended by the Legislature to *prohibit* imposition of more than one enhanced sentence if indivisibility is found, not to place *discretion* of whether or not to impose the multiple enhanced sentences in the hands of a judge rather than a jury. Act of April 9, 1983, ch. 183, 1983 Sess. Laws. 496, 496 (stating that § 19-2520E was enacted "to provide that multiple enhancement penalties are prohibited.") The intent of

8

the statute is important in the determination of whether a fact is one that must be submitted to the jury by the State under *Apprendi*. *United States v. O'Brien*, 130 S. Ct. 2169, 2180 (2010); *see also State v. Stover*, 140 Idaho 927, 931–32, 104 P.3d 969, 973–74 (2005) (looking to legislative purpose in holding that I.C. § 19-2521 was intended to give discretion to the judge to decide, based on the factors it lists, whether to place a defendant on probation or sentence him within a statutory prescribed range, and therefore *Apprendi* did not render it unconstitutional).

This Court has stated before that § 19-2520E "by its wording, limits the otherwise mandatory duty of the district court to enhance 'multiple' sentences under I.C. § 19-2520." *Johns*, 112 Idaho at 882, 736 P.2d at 1336. However, I do not believe as the Majority does, that it provides a sentencing factor that "reduces" the punishment for the crime. Rather, I believe that it limits the authority of the sentencing court. If the crimes occur during an indivisible course of conduct, a second sentence is not authorized under any circumstances under the statute.

This is in contrast to the factors listed in I.C. § 19-2521, which "do[] nothing to infringe upon the sentencing court's inherent power to impose or suspend a sentence." *Stover*, 140 Idaho at 932, 104 P.3d at 974. The language of § 19-2520E expressly references the enhancement statutes, stating that it applies "*[n]otwithstanding* the enhanced penalty provisions in sections 19-2520, [listing other enhancement statutes]." Black's Law Dictionary defines "notwithstanding" to mean "despite; in spite of." Black's Law Dictionary 1168 (9th ed. 2009). Accordingly, unlike in *Ice*, where the Oregon statute clearly intended discretion to decide the facts necessary to impose a consecutive sentence to rest with the judge instead of the jury, or *Stover*, where the statute clearly intended discretion to weigh a list of factors to lay with the judge, § 19-2520E is intended to limit the inherent authority of the court to actually impose the multiple enhancements charged under § 19-2520 and the other sections listed in § 19-2520E.

In other words, "despite" the enhancements that a defendant may be subject to under § 19-2520, only one enhancement may be imposed if the crimes occurred in an indivisible course of conduct. If multiple enhancements are charged, then a finding on divisibility becomes a prerequisite to the authority of the judge to impose more than one of them. Without that fact, the judge is not authorized to impose the second enhanced sentence. *Blakely*, 542 U.S. at 305; 124 S. Ct. at 2538 ("The judge acquires that *authority* [to impose an enhanced sentence] only upon finding some additional fact." (emphasis added)); *Ring*, 536 U.S. at 602, 122 S. Ct. at 2439 ("If a State makes an increase in a defendant's *authorized* punishment contingent on the finding of a fact, that

9

fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt." (emphasis added)). As a result, the fact of divisibility increases the maximum authorized statutory penalty a defendant will be exposed to by authorizing the second enhanced sentence. *Ice*'s second "twin-consideration," the respect for a state's sovereignty in enacting its own penal system, would thus also be furthered by interpreting § 19-2520E in the way it was clearly intended by the Legislature: to limit the authority to impose multiple enhancements when the underlying crimes occur in an indivisible course of conduct. *Ice*, 555 U.S. 160, ---, 129 S. Ct. 711, 717.

Further, I fail to see how the absence of authority to impose a second enhancement can possibly "reduce" a sentence. By definition, a sentencing enhancement increases the maximum penalty. Black's Law Dictionary defines "enhancement" as "[t]he act of augmenting." Black's Law Dictionary 609 (9th ed. 2009). A finding that the crimes occurred during an indivisible course of conduct simply means that the court does not have the authority to increase or augment the sentence. That finding does not itself "reduce" the sentence. Failure to augment is not equivalent to reduction.

The Majority's interpretation of indivisibility as a fact that only reduces the sentence falls into the same "formalistic" argument that Arizona attempted to put forth in *Ring*, merely focusing on the form of the words in the statute rather than their obvious effect to limit the authority of the sentencing court to impose multiple enhancements. By the State's and the Majority's logic, the Legislature could simply rewrite facts that have the effect of authorizing an increase in the maximum penalty on the defendant by phrasing them in the negative and then declaring that they only "reduce" the penalty in order to circumvent the protections of *Apprendi*. For example, the Legislature could choose to say that every aggravated assault carries a maximum penalty of thirty years, but if the defendant did not use a firearm during the commission of the assault, he can only be sentenced for fifteen years. Thus, under the logic of the State and the Majority, the fact that a defendant used a firearm would not be a fact that increases the maximum penalty because a formalistic reading of the words would lead to the conclusion that "not carrying a firearm" only decreases the penalty. This ignores the obvious purpose and effect of a statute such as that hypothetical one, just as interpreting indivisibility as a fact that merely "reduces" the maximum penalty ignores that the purpose of § 19-2520E is to limit the authority of the sentencing court to impose a second enhancement.

10

To take this hypothetical a logical step further, under this rationale the Legislature could pass a statute where the crime of causing death was subject to a maximum penalty of life in prison, but the judge could reduce that maximum penalty if the defendant did not intend to kill or killed in the heat of passion. By the State's argument, not having the intent to kill, or killing in the heat of passion, would merely be facts that would reduce the penalty for the crime. In *Apprendi*, the Supreme Court specifically stated that such a statute would unconstitutionally allow state legislatures to "circumvent" constitutional protections "merely by 'redefin[ing] the elements that constitute different crimes, characterizing them as factors that bear solely on the extent of punishment.'" *Apprendi*, 530 U.S. at 485, 120 S. Ct. at 2360 (quoting *In re Winship,* 397 U.S. 358, 398, 90 S. Ct. 1068, 1881 (1970) (brackets in original)). Interpreting the fact of indivisibility as one that only decreases the maximum penalty focuses on form rather than effect, and would allow the State to circumvent the protections of *Apprendi*.

Carrying a firearm is a fact that authorizes a sentence enhancement because the Legislature has deemed that act one that increases the defendant's culpability for the crime. Committing a murder with the intent to kill rather than in the heat of passion similarly increases a defendant's culpability, thus authorizing a greater punishment for that more culpable crime of murder rather than the less culpable crime of manslaughter. Just the same, committing two crimes in divisible courses of conduct has been deemed by the Legislature to be more egregious than committing those crimes in one indivisible course of conduct. The district court does not have the authority to impose a second enhancement if the crimes were committed in one indivisible course of conduct. The district court may only impose the second enhancement if the crimes were committed in divisible courses of conduct, thereby increasing the defendant's culpability in the same way that carrying a firearm or acting with the intent to kill would.

The Supreme Court has addressed that these types of facts, ones that go to the way the offense itself was committed, are exactly the type of facts that *Apprendi* requires to be found by a jury, in contrast to facts that focus on the characteristics of the offender. In its recent decision in *United States v. O'Brien*, --- U.S. ---, 130 S. Ct. 2169 (2010) the Court noted the important difference between a fact that constitutes a "sentencing factor" which does not implicate *Apprendi*, and a fact that must be considered an element of the offense under *Apprendi*. In interpreting a federal statute in which carrying a firearm during an offense was a crime punishable by a minimum

11

of five years, but the mandatory minimum was increased to thirty years if the firearm was a machinegun, the Court stated:

> Sentencing factors traditionally involve characteristics of the offender—such as recidivism, cooperation with law enforcement, or acceptance of responsibility. [*Castillo v. United States*, 530 U.S. 120, 126, 120 S. Ct. 2090, 2093–94 (2000)]. *Characteristics of the offense itself are traditionally treated as elements*, and the use of a machinegun under § 924(c) lies "closest to the heart of the crime at issue." *Id.,* at 127, 120 S. Ct. [at 2094].

--- U.S. at ---, 130 S. Ct. at 2176 (emphasis added). Divisibility and indivisibility have nothing to do with the offender and are also a "characteristic of the offense itself" because they go straight to the way in which the offense was committed. In contrast, the Court in *Apprendi*, noted that a fact such as whether the defendant is a "war veteran" would be a typical mitigating sentencing factor that does not implicate the *Apprendi* rule. This is directly in line with the Court's later authority in *O'Brien*, because the fact that a defendant is a war veteran is clearly a characteristic of the offender and not of the offense. Divisibility of the crimes is a characteristic of the offense that increases the sentence on a defendant by authorizing a second enhancement. Under *Apprendi*, it was a fact that should have been raised by the State, submitted to the jury, and proved beyond a reasonable doubt.

Thus, I would find error in the State's failure to submit the fact of divisibility to the jury.

**B.     The Failure to Submit the Issue of Divisibility to the Jury Was Fundamental Error.**

Under *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), if an alleged error was not followed by a contemporaneous objection, it will only be reviewed by this Court under the fundamental error doctrine. *Id.* at 228, 245 P.3d at 980. This doctrine involves a three prong inquiry by which the defendant must persuade the appellate court that the alleged error: (1) violates one of the defendant's unwaived constitutional rights; (2) plainly exists, without the need for additional information not contained within the appellate record; and (3) was not harmless. *Id.* Because I believe the fact of divisibility increases the maximum authorized statutory penalty for multiple enhancements, then under *Apprendi*, I believe Peregrina's Sixth Amendment rights were violated by the State's failure to submit the issue to the jury. *Apprendi*, 530 U.S. at 476, 120 S. Ct. 2355. As stated in the section above, Peregrina did not waive these rights by intentionally relinquishing them.

The error also plainly exists because it is clear from the record that a determination on divisibility was not submitted to the jury.

12

Finally, the error was not harmless. In order for an error to be deemed harmless, this Court must declare a belief beyond a reasonable doubt that the error did not affect the verdict. *Perry*, 150 Idaho at 227, 245 P.3d at 979. Here, because I believe that the jury was not instructed on an issue that should have been submitted to it under *Apprendi*, the error was not harmless unless, pursuant to *Neder v. United States*, 527 U.S. 1, 119 S. Ct. 1827 (1999), "the reviewing court concludes beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error." *Perry*, 150 Idaho at 223, 245 P.2d at 975 (quoting *Neder*, 527 U.S. at 17, 119 S. Ct. at 1837). Here, the State did not provide "overwhelming evidence" that indicated the two batteries occurred in divisible courses of conduct. *United States v. Cotton*, 535 U.S. 625, 634, 122 S. Ct. 1781, 1787 (2002) (*Apprendi* error was harmless because there was "overwhelming and uncontroverted evidence" of the fact that should have been charged and submitted to the jury). In fact, a review of the record shows that the evidence, if anything, indicated that the crimes likely did occur in the same indivisible course of conduct, although no determination either way was made by the jury.[1] The error was not harmless.

I believe that the State was required to prove divisibility beyond a reasonable doubt and submit the issue to the jury before the district court had the authority to impose a second enhancement. It did not do so. Therefore, I would vacate his sentence and remand to the district court for a jury determination as to whether the crimes occurred during divisible courses of conduct, followed by resentencing consistent with that jury determination.

HORTON, J., dissenting.

In addition to the debate between the majority and Justice Warren Jones, I believe that there is a second, related question that merits discussion. The first debate is whether the "indivisible course of conduct" question presented by I.C. § 19-2520E, is an element of a second sentence enhancement. Justice Jones believes that it is. I join the majority in concluding that it is not. The second question, in my view, is whether application of I.C. § 19-2520E is a factual question for the jury. Both the majority and Justice Jones believe that it is not. In this regard, I part company from all my colleagues, as I would hold that I.C. § 19-2520E is an affirmative defense, to be raised by the

---

[1] Mr. Ramirez testified that right after he felt Mr. Garcia fall down and hit the back of his legs, he turned around and saw Peregrina pointing the gun down at Mr. Garcia. Once Mr. Ramirez saw Peregrina pointing down at Mr. Garcia, Mr. Ramirez took a step toward Peregrina and was shot by him. Jay Cogle, an eyewitness, testified that he saw Peregrina strike Mr. Garcia, "br[ing] his hand down towards [Mr. Garcia]" and when Mr. Ramirez lunged at Peregrina; he saw Peregrina shoot Mr. Ramirez in the chest. Frances Garcia, another eyewitness, testified that she saw Mr. Garcia fall down, saw Mr. Ramirez rush to him and saw Mr. Ramirez get shot in the chest.

defendant and which, having been raised, requires that a jury make the factual determination whether the two substantive crimes "arose out of the same indivisible course of conduct." Where, as in this case, the issue has not been raised, the defense is waived.

I recognize at the outset of this discussion that neither the statutes nor our prior caselaw addressing I.C. § 19-2520E are particularly helpful. Idaho Code § 19-2520 provides for an enhanced penalty of fifteen years where the defendant "displayed, used, threatened, or attempted to use a firearm or other deadly weapon while committing or attempting to commit" a variety of felonies. The statute requires that the firearm enhancement be charged in the indictment and that the use or attempted use of the firearm be found to be true by the trier of fact. I.C. § 19-2520. However, I.C. § 19-2520E states:

> Notwithstanding the enhanced penalty provisions in sections 19-2520, 19-2520A, 19-2520B and 19-2520C, Idaho Code, any person convicted of two (2) or more substantive crimes provided for in the above code sections, which crimes arose out of the same indivisible course of conduct, may only be subject to one (1) enhanced penalty.

Section 19-2520E does not specify that the "indivisible course of conduct" is to be found at sentencing or by the trier of fact. Nor is it labeled as an element of a second enhancement, a defense, or a mitigating circumstance.

None of our prior caselaw addresses whether the U.S. Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), applies to I.C. § 19-2520E. Indeed, the caselaw is somewhat inconsistent. The majority places great weight on this Court's earlier statement that § 19-2520E "limits the otherwise mandatory duty of the district court to enhance "multiple" sentences under I.C. § 19-2520." *State v. Johns*, 112 Idaho 873, 882, 736 P.2d 1327, 1336 (1987). *Johns* described the resolution of the question whether the substantive crimes are divisible as a "factual determination." *Id*. The Court continued, describing the facts of the offenses, before concluding that the district court "was amply justified in sentencing Johns upon the premise that the acts of murder and robbery were divisible, rather than indivisible." *Id*.

However, at no point in *Johns* did the Court consider why I.C. § 19-1902, providing for a trial by jury on all issues of fact, was inapplicable. In *State v. McLeskey*, 138 Idaho 691, 697, 69 P.3d 111, 117 (2003), the Court stated that I.C. § 19-2520E:

> prohibits imposing more than one enhanced penalty where a person is convicted of two or more substantive crimes that arose out of the same indivisible course of conduct. It does not prohibit charging more than one enhanced penalty even if the crimes charged all arose out of the same indivisible course of conduct. If, in that

14

circumstance, a defendant is convicted of more than one crime for which an enhanced penalty is charged, then at sentencing the court may only impose one enhanced penalty.

While this statement tends to support the majority's view that the finding of an "indivisible course of conduct" is to occur at sentencing, it provides no rationale for reaching that conclusion.

The only explicit description of the nature of I.C. § 19-2520E comes in *State v. Clements*, 148 Idaho 82, 218 P.3d 1143 (2009), which describes it as providing a "statutory, fact-based defense."[2] Nevertheless, both this Court and the Idaho Court of Appeals have felt free to review whether two enhancements were, in fact, the result of an indivisible course of conduct. *E.g., Johns*, 112 Idaho at 882, 736 P.2d at 1336;[3] *State v. Custodio*, 136 Idaho 197, 207-08, 30 P.3d 975, 985-86 (Ct. App. 2001).

In my view, we are thus left with unanswered questions regarding the nature of I.C. § 19-2520E and the constitutional and statutory requirements regarding the burdens of production and proof. While the majority believes that I.C. § 19-2520E is a mitigating circumstance and Justice Jones believes that it is an element of a second sentence enhancement, I read the statute as an affirmative defense. I would therefore hold that Mr. Peregrina bore the burden of raising that defense and, by failing to raise the defense before the trial court, waived it.

## I.      Is "divisibility" an element of the offense?

I begin with Justice Jones' dissent, as the constitutional basis for his dissent is the first hurdle for any interpretation of the statute. Admittedly, the text of I.C. § 19-2520E does not explicitly state whether it is an element, a defense, or a mitigating circumstance. However, to the extent that it does indicate the Legislature's intent, the statute's text certainly leans against reading the statute as creating an element of some "second enhanced penalty" provision. The statute provides an exception from liability premised on the *indivisibility* of the course of conduct. That is, it is the lack of divisibility that precludes imposition of a second enhancement, rather than divisibility that permits imposition of the second enhancement. I therefore agree with the majority that I.C. § 19-2520E does not increase the potential penalty but, instead, reduces the penalty upon a

---

[2] Despite Justice Jones' concurrence in that case, he now describes that statement as dictum. While that statement may qualify as dictum, it is, as I argue below, the best description of the nature of I.C. § 19-2520E.
[3] The opinion in *Johns* is unclear as to the standard of review that the Court was applying. The Court's language that the "trial court was amply justified in sentencing Johns upon the premise that the acts of murder and robbery were divisible, rather than indivisible," *Johns*, 112 Idaho at 882, 736 P.2d at 1336, can be read as an application of the substantial, competent evidence standard typically applied to questions of fact. However, the Court's statement that the question of divisibility "is a factual question which requires us to review the record" and the lengthy discussion of the underlying facts may also be interpreted as de novo review.

showing that the substantive offenses arose out of the same indivisible course of conduct.

"[T]he Due Process clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). However, the same is not true of defenses.

> Traditionally, due process has required that only the most basic procedural safeguards be observed; more subtle balancing of society's interest against those of the accused have been left to the legislative branch. We therefore will not disturb the balance struck in previous cases holding that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged. Proof of the nonexistence of all affirmative defenses has never been constitutionally required; and we perceive no reason to fashion such a rule in this case and apply it to the statutory defense at issue here.

*Patterson v. New York*, 432 U.S. 197, 210 (1977). *See also State v. Mubita*, 145 Idaho 925, 942, 188 P.3d 867, 884 (2008) (requiring a defendant to bear the burden of proving an affirmative defense does not violate due process) (citing *Martin v. Ohio*, 480 U.S. 228, 235-36 (1987); *Montana v. Egelhoff*, 518 U.S. 37, 42, 56 (1996)).

While this Court has not discussed the distinction between elements of a crime and mitigating factors, it has discussed the distinction between elements and defenses:

> the general rule is that the burden is upon the state in a criminal case to negative any exception or proviso appearing in that part of the statute which defines the crime if the exception is 'so incorporated with the language describing and defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted * * *.'

*State v. Segovia*, 93 Idaho 208, 210, 457 P.2d 905, 907 (1969) (quoting 41 Am. Jur. 2d *Indictments and Informations* § 98). In *State v. Huggins*, 105 Idaho 43, 665 P.2d 1053 (1983), the Court considered an appeal from a judgment of acquittal on a charge of assault to commit rape entered because the State had failed to present evidence of the lack of marital relationship between Huggins and the victim. This Court considered that the rape statute, I.C. § 18-6101, had been amended to eliminate reference to a marital relationship. It also considered a separate statute, I.C. § 18-6107, which provided that one could not be convicted of raping a spouse except in instances where divorce or legal separation proceedings had been initiated or the parties had lived apart for more than six months. The Court determined that the latter statute was an exception to the rape statute, and that the absence of a marital relationship was not an element of the crime of rape. Accordingly, the Court held that the defendant bore the burden of presenting and proving the existence of a

marital relationship as an affirmative defense. *Id*. at 45, 665 P.2d at 1055. *See also State v. Nab*, 113 Idaho 168, 175, 742 P.2d 423, 430 (Ct. App. 1987) (distinguishing between elements of an offense and exceptions to liability based upon whether they are found or referenced in the statute defining the offense).

Nothing about the text or structure of I.C. §§ 19-2520 and 19-2520E is distinguishable from the statutes considered in *Huggins*. Just as there is no indication that the Legislature intended the parties' non-marital status to be an element of rape in *Huggins*, so too, there is no textual or structural suggestion that divisibility was intended to be an element of a second enhancement. Idaho Code § 19-2520 provides the requirements for a firearm sentence enhancement and makes no reference to I.C. § 19-2520E. I therefore concur with the majority that the divisibility of the course of conduct giving rise to the two underlying substantive offenses is not an element of a second firearm enhancement under I.C. § 19-2520E.

## II. Does I.C. § 19-2025E provide a defense or a mitigating circumstance?

However, even if I.C. § 19-2520E is not an element of some "second firearm enhancement" that still does not resolve the question of whether the statute provides a fact-based defense to a second enhancement or whether it is a mitigating circumstance for consideration by the trial judge at sentencing.[4] As noted above, I.C. § 19-2520E does not label itself a mitigating circumstance or a defense to be decided by the jury. Nor does it assign the duty of applying I.C. § 19-2520E to the judge or to the jury. As likewise noted above, our prior caselaw may reasonably be read to support both positions.

Superficially, the majority's position, that I.C. § 19-2520E is a mitigating circumstance to be considered by the trial court, is somewhat attractive. Idaho Code § 19-2520 provides for an "extended term of imprisonment" rather than defining an altogether new offense. The fact giving rise to that extended term is, therefore, an aggravating circumstance. Logically, a factor that would reduce the punishment for one found guilty of using a firearm in one of the felonies specified in I.C. § 19-2520 may be considered to be a mitigating circumstance. Mitigating circumstances are usually considered by the trial judge as part of sentencing. *State v. Moore*, 93 Idaho 14, 17, 454 P.2d 51, 54 (1969) (describing the trial court's role in weighing mitigating evidence). That I.C. § 19-1902 requires that all issues of fact be tried by a jury does not change this as I.C. § 19-1901

---

[4] There is a third possibility, that I.C. § 19-2520E is a mitigating circumstance, albeit one to be found by the jury. As this reading is indistinguishable in practical terms from viewing it as a defense, I do not discuss that possibility separately.

17

defines issues of fact as those concerning guilt or innocence to be decided at trial. Idaho Code § 19-2520E is solely concerned with sentencing. The mitigating factors included in I.C. § 19-2521, such as whether the defendant acted under strong provocation, also require a factual finding by the court in sentencing but they do not fall under the scope of issues delegated to the jury by I.C. § 19-1901.

However, despite this logic, I would nevertheless hold that I.C. § 19-2520E is a defense to be raised by the party asserting it. There are two main reasons for this position.

First, mitigating circumstances are generally factors to be weighed by the party making the sentencing determination as part of the discretionary determination of the sentence. *E.g., State v. Cobler*, 148 Idaho 769, 773, 229 P.3d 374, 378 (2010) (finding no abuse of discretion upon a weighing of mitigating and aggravating factors in sentencing); *State v. Stover*, 140 Idaho 927, 932, 104 P.3d 969, 974 (2005) (emphasizing the discretionary nature of weighing mitigating and aggravating factors). Even in death penalty cases where there is only a binary choice between life without parole and a sentence of death, the jury weighs the mitigating factors to determine whether those mitigating circumstances render the death penalty unjust. I.C. § 19-2515(3)(b). *See also State v. Dunlap*, 125 Idaho 530, 537, 873 P.2d 784, 791 (1993) (describing the weighing process). In contrast, I.C. § 19-2520E allows for no exercise of discretion. If two aggravated felonies are the result of a single, indivisible course of conduct, the defendant is subject to only one fifteen-year sentence enhancement. If those two aggravated felonies are divisible, the defendant is subject to both. There is simply no weighing or discretion involved. As a result, the assumption that I.C. § 19-2520E defines a mitigating circumstance simply because it concerns sentencing does not follow.

An affirmative defense is defined as a "defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true." *Black's Law Dictionary* 482 (9th ed. 2009). Under I.C. § 19-2520E, a defendant may defeat a count advancing a second sentencing enhancement upon a showing that the underlying offenses arose from an indivisible course of conduct.

Finding that I.C. § 19-2520E is an affirmative defense which must be presented to, and decided by, a jury is consistent with I.C. § 19-1902, which provides that "[i]ssues of fact must be tried by jury." This statute gives effect to the related guarantees of trial by jury and resolution of factual questions by juries found in art. 1, § 7 and art. V, § 1 of the Idaho Constitution. A question of fact is triggered upon a plea of not guilty. I.C. § 19-1901(1). Mr. Peregrina was charged with

18

two sentence enhancements; when he pled not guilty to the charges against him, the factual issues were at issue.

Second, even if I.C. § 19-2520E were viewed as a mitigating circumstance, that does not automatically mean that it would be a finding for the judge. Not all mitigating circumstances are weighed by the judge, for example in the weighing of mitigating and aggravating circumstances in determining a sentence of death. I.C. § 19-2515. The death penalty statute also indicates that, where the law sets forth both aggravating and mitigating circumstances, it generally charges the same decision-maker with assessing those circumstances. Idaho Code § 19-2515 commits the assessment of aggravating and mitigating circumstances to the jury, while I.C. § 19-2521 commits that assessment to the judge. Based upon that parallel structure within chapter 25, Title 19, I would hold that the Legislature intended that the jury find both the existence of the aggravating circumstance (the use of a firearm) and the mitigating circumstance (the indivisibility of the conduct).

> Statutory construction . . . is a holistic endeavor. A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme-because the same terminology is used elsewhere in a context that makes its meaning clear, or because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law . . . .

*United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Ass'n, Ltd.*, 484 U.S. 365, 371 (1988). Given the parallel structure for other aggravating and mitigating circumstances within this chapter, I do not believe that the Legislature intended to abandon that structure in this instance without indicating to the courts tasked with applying the statutes that it was doing so.

Given this combination of factors: the absence of any statement by the Legislature in defining I.C. § 19-2520E or assigning the role of finding the relevant facts; the fact that the results of that finding are not discretionary; and the fact that in considering mitigating factors, Idaho statutes generally commit aggravating and mitigating factors to the same party, I would find that I.C. § 19-2520E is a defense which, when properly raised, is to be decided by the jury.

**III.    Because I.C. § 19-2520E is an affirmative defense, Peregrina waived that defense by failing to raise it before the trial court.**

There is no dispute that Mr. Peregrina never requested a jury instruction on the question of whether his actions constituted an "indivisible course of conduct." Nor was that part of his defense. "As to a defense, a defendant is generally required to put the defense in issue by some means himself, as, for example, by introducing evidence or by specially pleading." *Huggins*, 105 Idaho at

45, 665 P.2d at 1055 (quoting *Rogers v. State*, 373 N.E.2d 125, 127 (Ind. 1978)).  Having failed to do that, Mr. Peregrina waived his defense that his two enhanced convictions were part of an indivisible course of conduct.

Because I would hold that Mr. Peregrina waived the defense provided by I.C. § 19-2025E, I would affirm the trial court's decision.  I therefore respectfully dissent from the majority's direction that this matter be remanded to the district court for further proceedings.