# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49382

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

LLOYD HARRISON HARROD, III,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: November 14, 2022

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gene A. Petty, District Judge.

Order denying I.C.R. 35 motion to correct an illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Lloyd Harrison Harrod, III, appeals from the district court's order denying his Idaho Criminal Rule 35 motion to correct an illegal sentence. Harrod argues the district court did not have authority to impose a sentencing enhancement for the use of a firearm or deadly weapon for the crime of aggravated assault upon a law enforcement officer because that is not one of the delineated crimes in the extended sentence for use of a firearm or deadly weapon statute. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Harrod pled guilty to aggravated assault on a law enforcement officer, Idaho Code §§ 18-915, 18-901, 18-905, with a firearm enhancement, I.C. § 19-2520; eluding a peace officer, I.C. § 49-1404(2); and unlawful possession of a firearm, I.C. § 18-3316. The district court imposed a unified term of incarceration of twenty-five years, with eight years determinate, for aggravated

1

assault on a law enforcement officer with a firearm, and a five-year determinate sentence for both the eluding a peace officer charge and the unlawful possession of a firearm charge. The district court ordered the sentences to run concurrently. Harrod appealed, arguing that his sentences are excessive. In an unpublished opinion, this Court affirmed Harrod's judgment of conviction and sentences. *State v. Harrod*, Docket No. 45988 (Ct. App. Jan. 18, 2019). Harrod filed an I.C.R. 35 motion arguing his sentence is illegal because he was subjected to multiple sentencing enhancements for the use of a firearm. In an unpublished opinion, this Court affirmed the denial of Harrod's first I.C.R. 35 motion. *State v. Harrod*, Docket No. 48842 (Ct. App. Feb. 23, 2022).

Harrod filed another I.C.R. 35 motion alleging the district court imposed an illegal sentence, because assault on an officer is not a crime for which the court could impose the deadly weapon sentence enhancement. The district court denied Harrod's I.C.R. 35 motion, finding that the deadly weapon sentence enhancement can enhance the underlying crime of aggravated assault at the same time as the enhancement for assault or battery on a law enforcement officer. Harrod timely appealed.

## II.

## STANDARD OF REVIEW

Pursuant to Idaho Criminal Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a Rule 35 motion to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993). Under Rule 35(a), the term "illegal sentence" "is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing." *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009). The rule "is limited to legal questions surrounding the defendant's sentence," and any factual issues must be apparent from the face of the record. *Id.* at 88, 218 P.3d at 1149.

## III.

## ANALYSIS

Mindful of *State v. Kerrigan*, 143 Idaho 185, 141 P.3d 1054 (2006), Harrod asserts the district court erred by denying his I.C.R. 35 motion to correct an illegal sentence because the district court did not have authority to impose a sentencing enhancement for the use of a firearm in aggravated assault upon a law enforcement officer because that crime is not one of the

specifically delineated crimes in the extended sentence for use of a firearm or deadly weapon statute.

As Harrod acknowledges, the Idaho Supreme Court directly addressed this argument in *Kerrigan*. Kerrigan argued that the district court erred in imposing two sentence enhancements, use of a firearm and battery upon a law enforcement officer, to his single conviction for aggravated battery. *Id.* at 187, 141 P.3d at 1056. The Idaho Supreme Court concluded Kerrigan was incorrect for two reasons: (1) the district court had statutory authority for each sentence enhancement considered separately; and (2) the application of both enhancements to a single substantive offense serves the legislature's intent to deter the conduct proscribed by each of them. *Id.* at 188, 141 P.3d at 1057. As a result, the Idaho Supreme Court determined although I.C. § 18-915 (assault or battery upon a law enforcement officer) is not referenced as an enhanceable offense in I.C. § 19-2520 (extended sentence for use of a firearm or deadly weapon), I.C. § 19-2520 can enhance I.C. § 18-907 (aggravated battery) directly and need not enhance I.C. § 18-915. *Id.*

The district court denied Harrod's I.C.R. 35 motion because consistent with *Kerrigan*, I.C. § 19-2520 need not apply to I.C. § 18-915 but applies to aggravated assault as an underlying crime. Harrod does not attempt to distinguish *Kerrigan* from this case, and *Kerrigan* is precisely on point in rejecting Harrod's claims. Thus, we affirm the district court's denial of Harrod's I.C.R. 35 motion for correction of an illegal sentence.

## IV.

## CONCLUSION

The district court properly concluded Harrod's sentence is not illegal. Thus, the district court's order denying Harrod's I.C.R. 35 motion for correction of an illegal sentence is affirmed.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.