# IN THE SUPREME COURT OF THE STATE OF IDAHO

| | | |
|---|---|---|
| ZANE JACK FIELDS, | ) | |
| | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket No. 35679 |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| | ) | Boise, June 2010 Term |
| Respondent. | ) | |
| | ) | 2010 Opinion No. 74 |
| STATE OF IDAHO, | ) | |
| | ) | Filed: June 30, 2010 |
| | ) | |
| Plaintiff-Respondent, | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| | ) | |
| v. | ) | Docket No. 36704 |
| | ) | |
| | ) | |
| ZANE JACK FIELDS, | ) | |
| | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

District court decision denying sentence relief, <u>affirmed.</u>

Nevin, Benjamin, McKay & Bartlett, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

_____

**SUBMITTED ON THE BRIEFS**

BURDICK, Justice

This case comes before this Court on appeal from the district court's Memorandum Decision and Order denying sentencing relief to Zane Fields based upon Fields's Petition for Post-Conviction Relief and related motions. In the single issue presented on appeal, Fields argues that, following the U.S. Supreme Court decision in *Danforth v. Minnesota*, 552 U.S. 264 (2008) - finding that the federal retroactivity doctrine does not limit the authority of state courts to retroactively apply rules of law for state criminal convictions - this Court should find that *Ring v. Arizona*, 536 U.S. 584 (2002), has retroactive application under Idaho law. We previously addressed this question of law in *Rhoades v. State*, Nos. 35187, 34198, 34199, 2010 WL 937272 (Idaho Mar. 17, 2010), and find that Fields has raised no new argument here. We therefore affirm the dismissal of Fields's Petition for Post-Conviction Relief and related motions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Fields was convicted of first-degree felony murder by a jury. After the district court judge determined that the State had proven three statutory aggravating factors, the district court judge sentenced Fields to death on March 7, 1991, in line with I.C. § 19-2515, which governed at the time. Fields's subsequent appeal, petition for writ of certiorari, and application for post-conviction relief were all denied. *State v. Fields*, 127 Idaho 904, 908 P.2d 1211 (1995), *cert. denied*, *Fields v. Idaho*, 516 U.S. 922 (1995), *dismissal aff'd*, *Fields v. State*, 135 Idaho 286, 17 P.3d 230 (2000).

Following final judgment in Fields's case on direct review, the United States Supreme Court issued its opinion in *Ring v. Arizona*, 536 U.S. 584 (2002), on June 24, 2002, requiring that a jury, rather than a judge, perform the fact-finding as to the aggravating circumstances required for the imposition of the death penalty. Within 42 days of the issuance of *Ring*, on August 1, 2002, Fields filed a Petition for Post-Conviction Relief or Writ of Habeas Corpus (Fields's Petition) along with "Motions to Correct Illegal Sentences, to Vacate Sentences of Death and for New Sentencing Trial" (Fields's Motions). The State filed its Response and Motion to Dismiss on September 3, 2002. On August 5, 2008, after extensive briefing and motions back-and-forth, the district court issued a Memorandum Decision and Order and accompanying orders dismissing Fields's Petition and Motions, and granting the State's Motion to Dismiss, having concluded that *Ring* is not retroactively applied to cases on collateral review, and that said

2

petition is expressly barred by I.C. § 19-2719. Fields filed timely notices of appeal on September 12, 2008.

## II. STANDARD OF REVIEW

As this Court wrote in *Rhoades v. State*: "This Court exercises free review over questions of law. Statutory interpretation is a question of law over which this Court exercises free review. The constitutionality of Idaho's capital sentencing scheme is likewise a question of law over which this Court exercises free review." Nos. 35187, 34198, 34199, 2010 WL 937272, at *2 (Idaho Mar. 17, 2010) (internal citations omitted).

## III. ANALYSIS

The question before this Court in the present case is the same question that was before this Court in *Rhoades v. State*. Namely, whether - following the U.S. Supreme Court opinion in *Danforth v. Minnesota*, 552 U.S. 264 (2008) - *Ring v. Arizona*, 536 U.S. 584 (2002), should be applied to cases on collateral review under Idaho's retroactivity doctrine.

Fields states that the only issue he brings before this Court is "whether Idaho's retroactivity doctrine compels the application of *Ring's* acknowledgement of the right to jury fact-finding in a capital case to persons whose convictions and sentences were final on June 24, 2002, the date the United States Supreme Court issued its decision in *Ring*."

Fields argues that Idaho has traditionally employed the three-prong retroactivity test from *Linkletter v. Walker*, 381 U.S. 618 (1965), that this Court should apply it here, and that under application of the *Linkletter* test, *Ring* should be given retroactive application to cases on collateral review. The State contends that the district court never properly had jurisdiction to consider this case, because I.C. § 19-2719(5)(c) mandates that the case not be given retroactive application or, alternatively, that Idaho should apply the federal retroactivity test created in *Teague v. Lane*, 489 U.S. 288 (1989), and, under said test, *Ring* should not be given retroactive application here. Fields argues that I.C. § 19-2719(5)(c) violates both the U.S. and Idaho Constitutions.

The positions argued by Fields and the State are identical to those we considered in *Rhoades*, where we expressly adopted and applied the *Teague* test for retroactivity. 2010 WL 937272 at *3. In *Rhoades*, this Court found that under the *Teague* test the rule announced in *Ring* would not be given retroactive application to cases on collateral review, and therefore declined to address I.C. § 19-2719(5)(c). We fully reaffirm the reasoning and analysis of

3

*Rhoades*, and affirm the district court's decision and order on these grounds. We therefore decline to address the State's arguments pertaining to I.C. § 19-2719(5)(c).[1]

### IV. CONCLUSION

As this Court is presented with an identical issue and argument here as we had before us in *Rhoades*, and as this a pure question of law, we reaffirm our holding in *Rhoades* - that Idaho applies the *Teague* retroactivity test for criminal cases on collateral review, and that under that test *Ring* is not retroactively applied. Accordingly, we affirm the district court's denial of Fields's requested sentencing relief. We decline to address the State's arguments concerning I.C. § 19-2719(5)(c).

Chief Justice EISMANN and Justices J. JONES, W. JONES and KIDWELL, pro tem, **CONCUR.**

---

[1] Incidentally, the constitutionality of I.C. § 19-2719(5)(c) was addressed by this Court in *Stuart v. State*, No. 34200, 2010 WL 1838465 (Idaho May 10, 2010).