BURDICK, Chief Justice.
This case arises out of Diego Morales Peregrinad conviction for two counts of aggravated battery and two firearm enhancements; one for each battery. Peregrina argues that there was insufficient evidence to support the district court’s “implicit” finding that the crimes arose out of divisible courses of conduct, and that even if there was, the State had the burden to submit the issue of divisibility to the jury and prove it beyond a reasonable doubt. We remand to the district court for proceedings consistent with this opinion.
I.FACTUAL AND PROCEDURAL BACKGROUND
In June 2007, Peregrina attended a child’s birthday party and was in a verbal confrontation with two men. Peregrina returned later that night and continued the exchange, which culminated in Peregrina shooting Alfred Ramirez in the chest and Juan Garcia in the face. Peregrina was charged by information and convicted, after a jury trial, of two counts of aggravated battery under I.C. §§ 18-903(a) and -907(l)(b), and two enhancements for the use of a firearm during the commission of those batteries under I.C. § 19-2520. He was also charged and convicted of unlawful possession of a firearm under I.C. § 18-3316. No instruction was requested by either Peregrina or the State regarding I.C. § 19-2520E, which states that when two crimes “arise out of the same indivisible course of conduct,” the defendant “may only be subject to one (1) enhanced penalty.”
The district court sentenced Peregrina as follows: ten years fixed for the first count of aggravated battery; ten years fixed for the second count of aggravated battery consecutive to the first count; ten years indeterminate enhancing the sentence in the first count; and ten years indeterminate enhancing the sentence in the second count, both consecutive to the previous counts. Peregrina was also sentenced to five years fixed for his conviction for unlawful possession of a firearm, to ran concurrent with the other sentences, with credit for two hundred days served. Peregrina appealed his Judgment and Sentence to the Court of Appeals, which affirmed. Peregrina petitioned for review, and this Court granted the petition.
II.ISSUES ON APPEAL
1. Whether the fact of divisibility increases the maximum authorized statutory penalty under Apprendi such that there was error in the State’s failure to submit it to the jury and prove it beyond a reasonable doubt.
2. Whether the alleged Apprendi error was fundamental and reversible.
III.STANDARD OF REVIEW
This Court gives “serious consideration to the Court of Appeals when considering a case already reviewed by our intermediate appellate court.” State v. Kerrigan, 143 Idaho 185, 187, 141 P.3d 1054, 1056 (2006) (internal quotation marks omitted). However, this Court reviews the decision of the district court directly, as if the case were on direct appeal from the district judge’s decision. Id. Statutory interpretation is a question of law over which this Court exercises free review. Fields v. State, 149 Idaho 399, 400, 234 P.3d 723, 724 (2010).
*540 IY. ANALYSIS
This case revolves around a single question: Who can make a finding of fact with regard to the divisibility of conduct under I.C. § 19-2520E? Idaho law allows for certain crimes to be punished more severely when they are committed using a firearm. Idaho Code § 19-2520. Aggravated battery is one of those crimes. Id. If a jury finds that a defendant used a firearm in the commission of a battery, his sentence may be increased by a maximum fifteen years. Id. The legislature used “shall” in the statute, making this a mandatory increase to the maximum penalty. Id.
However, this statute is not without limitation. Another section of the code provides that a defendant can only be subject to one increased penalty if the “crimes arose out of the same indivisible course of conduct____” Idaho Code § 19-2520E. Thus, if two crimes are committed using a firearm, but those crimes were committed in the same indivisible course of conduct, a defendant can only be sentenced with one enhancement penalty.
It is undisputed that the question of divisibility is one of fact. State v. Johns, 112 Idaho 873, 882, 736 P.2d 1327, 1336 (1987). Under Apprendi, “[ojther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435, 454-55 (2000). The question, then, is whether a finding of divisibility or indivisibility increases the penalty for the crime beyond the statutory maximum. Unless it does, it does not fall under Apprendi and the jury is not required to find that fact.
Under I.C. § 19-2520, the State must prove beyond a reasonable doubt to a jury: (1) the defendant was convicted of one or more of the delineated crimes; (2) the defendant displayed, used, threatened, or attempted to use a firearm or other deadly weapon during the commission of these crimes; and (3) if the deadly weapon at issue is a firearm, it has (a) the capability of propelling projectiles; and (b) if the firearm was not operable, it could readily have been rendered operable. Once these facts are found, I.C. § 19-2520 mandates an increase to the maximum penalty allowed for the enumerated crime by fifteen years. It is important to note that the jury found these predicate elements beyond a reasonable doubt, subjecting Peregrina to the mandatory sentence increase.
Section 19-2520E acts as a limitation to this mandatory sentence increase. Johns, 112 Idaho at 882, 736 P.2d at 1336. Johns stated that § 19-2520E “by its wording, limits the otherwise mandatory duty of the district court to enhance ‘multiple’ sentences under I.C. § 19-2520.” Id. Because I.C. § 19-2520E operates to limit the otherwise mandatory nature of the increase, finding divisibility or indivisibility is not a fact that increases the penalty for the crime. Rather finding of indivisibility, I.C. § 19-2520E is a mitigating factor that acts to reduce the penalty for the crime. As such, it is not subject to Apprendi and is a fact that can be found by the court.
Here, the jury found that Peregrina committed two acts of aggravated battery while using a firearm. Therefore, the statutory maximum for each crime is thirty years. Idaho Code §§ 18-907 and 19-2520. Idaho Code § 19-2520E would decrease the statutory maximum penalty as to one of Peregrina’s convictions if both of his crimes “arose out of the same divisible course of conduct.” Thus, § 19-2520E would operate to reduce Peregrina’s maximum sentence for one of his convictions, not to increase it. As a result, it was well within the inherent authority of the trial judge to make a finding regarding the divisibility or indivisibility of Peregrina’s crimes. However, there was no such finding made, and the matter must be remanded to the district court for a finding on the issue of indivisibility pursuant to I.C. § 19-2520E. Because a finding of divisibility or indivisibility is not subject to Apprendi this Court does not need to address the second issue raised on appeal.
V. CONCLUSION
A finding of indivisibility can only act to reduce the statutory maximum penalty for *541 multiple crimes subject to enhanced penalties under I.C. § 19-2520. As a result, that finding is not subject to Apprendi, and can be found by the trial judge. We remand to the district court for a finding of divisibility or indivisibility of Peregrina’s conduct, followed by sentencing consistent with that finding.
Justices EISMANN and J. JONES concur.