**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35937**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **2012 Opinion No. 22** |
| Plaintiff-Respondent, | ) | |
| | ) | **Filed: April 18, 2012** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| JOSHUA LEE McGIBONEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Judgment of conviction and concurrent sentences for robbery; aggravated battery, enhanced for use of a firearm; and burglary, enhanced for use of a firearm, affirmed in part, vacated in part, and remanded.

Dennis Benjamin of Nevin, Benjamin, McKay & Bartlett LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Joshua L. McGiboney appeals from his judgment of conviction and sentences for robbery; aggravated battery, enhanced for use of a firearm; and burglary, enhanced for use of a firearm. McGiboney argues that the district court erred by applying two enhancements for the use of a firearm during the commission of a felony. McGiboney also asserts that his sentences are excessive. For the reasons set forth below, we affirm in part, vacate in part, and remand.

**I.**

**FACTS AND PROCEDURE**

The state charged McGiboney with robbery, I.C. §§ 18-6501, 18-6502; two counts of aggravated battery, I.C. §§ 18-903(a), 18-907(a); and burglary, I.C. § 18-1401. The state also sought sentencing enhancements for the use of a firearm during the robbery, the aggravated battery, and the burglary pursuant to I.C. § 19-2520. A jury found McGiboney not guilty of one

of the aggravated battery counts, but returned guilty verdicts on all of the other charges. By special verdict, the jury also found that McGiboney had used a firearm in committing the robbery, the aggravated battery, and the burglary. The district court imposed concurrent sentences of: (1) a unified life term, with a minimum period of confinement of fifteen years, for robbery; (2) a unified term of thirty years, with a minimum period of confinement of fifteen years, for aggravated battery; and (3) a unified term of twenty-five years, with a minimum period of confinement of fifteen years, for burglary.[1] The sentences for aggravated battery and burglary each received a firearm enhancement pursuant to I.C. § 19-2520. The district court did not enhance the robbery sentence. In imposing the two enhanced sentences pursuant to I.C. § 19-2520, the district court did not make a finding as to whether the aggravated battery and burglary arose out of an indivisible course of conduct under I.C. § 19-2520E. McGiboney appeals.

## II.

## ANALYSIS

### A.    Multiple Enhancements

McGiboney argues that the district court erred by applying two enhancements for the use of a firearm during the commission of a felony. He contends that I.C. § 19–2520E prohibits the application of two enhancements because the aggravated battery and burglary arose out of an indivisible course of conduct.[2] McGiboney argues, for the first time on appeal, that the district court erred when it failed to explicitly find whether the two offenses were indivisible under I.C. § 19-2520E. The state responds that I.C. § 19-2520E provides an affirmative defense that McGiboney waived by failing to raise it prior to sentencing. This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003).

---

[1]    McGiboney was also found guilty of being a felon in possession of a firearm, and the district court sentenced him to a concurrent determinate term of five years. However, McGiboney does not challenge this judgment of conviction or sentence on appeal.

[2]    Idaho Code Section 19-2520E provides:
> Notwithstanding the enhanced penalty provisions in sections 19-2520, 19-2520A, 19-2520B, and 19-2520C, Idaho Code, any person convicted of two (2) or more substantive crimes provided for in the above code sections, which crimes arose out of the same indivisible course of conduct, may only be subject to one (1) enhanced penalty.

The Idaho Supreme Court recently considered a claim that the district court did not make an explicit finding on I.C. § 19-2520E in *State v. Peregrina*, 151 Idaho 538, 540, 261 P.3d 815, 817 (2011), holding:

> Idaho law allows for certain crimes to be punished more severely when they are committed using a firearm. Idaho Code § 19-2520. Aggravated battery is one of those crimes. *Id.* If a jury finds that a defendant used a firearm in the commission of a battery, his sentence may be increased by a maximum fifteen years. *Id.* The legislature used "shall" in the statute, making this a mandatory increase to the maximum penalty. *Id.*
>
> However, this statute is not without limitation. Another section of the code provides that a defendant can only be subject to one increased penalty if the "crimes arose out of the same indivisible course of conduct . . . ." Idaho Code § 19-2520E. Thus, if two crimes are committed using a firearm, but those crimes were committed in the same indivisible course of conduct, a defendant can only be sentenced with one enhancement penalty.
>
> It is undisputed that the question of divisibility is one of fact. *State v. Johns*, 112 Idaho 873, 882, 736 P.2d 1327, 1336 (1987). Under *Apprendi*, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435, 454-55 (2000). The question, then, is whether a finding of divisibility or indivisibility increases the penalty for the crime beyond the statutory maximum. Unless it does, it does not fall under *Apprendi* and the jury is not required to find that fact.
>
> Under I.C. § 19-2520, the State must prove beyond a reasonable doubt to a jury: (1) the defendant was convicted of one or more of the delineated crimes; (2) the defendant displayed, used, threatened, or attempted to use a firearm or other deadly weapon during the commission of these crimes; and (3) if the deadly weapon at issue is a firearm, it has (a) the capability of propelling projectiles; and (b) if the firearm was not operable, it could readily have been rendered operable. Once these facts are found, I.C. § 19-2520 mandates an increase to the maximum penalty allowed for the enumerated crime by fifteen years. It is important to note that the jury found these predicate elements beyond a reasonable doubt, subjecting Peregrina to the mandatory sentence increase.
>
> Section 19-2520E acts as a limitation to this mandatory sentence increase. *Johns*, 112 Idaho at 882, 736 P.2d at 1336. *Johns* stated that § 19-2520E "by its wording, limits the otherwise mandatory duty of the district court to enhance 'multiple' sentences under I.C. § 19-2520." *Id.* Because I.C. § 19-2520E operates to limit the otherwise mandatory nature of the increase, finding divisibility or indivisibility is not a fact that increases the penalty for the crime. Rather finding of indivisibility, I.C. § 19-2520E is a mitigating factor that acts to reduce the penalty for the crime. As such, it is not subject to *Apprendi* and is a fact that can be found by the court.

Here, the jury found that McGiboney committed aggravated battery and burglary while using a firearm. Therefore, the statutory maximum for each crime after adding the firearm enhancement, I.C. § 19-2520, would be thirty years for aggravated battery and twenty-five years for burglary. Idaho Code Section 19-2520E would decrease the statutory maximum penalty as to one of McGiboney's convictions if both of his crimes "arose out of the same divisible course of conduct." Thus, as was the case in *Peregrina*, I.C. § 19-2520E would operate to reduce McGiboney's maximum sentence for one of his convictions, not increase it. As a result, it was well within the inherent authority of the district court to make a finding regarding the indivisibility of McGiboney's crimes. However, there was no such finding made.

The state argues that *Peregrina* only controls the issue of whether the crimes arose from an indivisible course of conduct is a question for the judge or jury. Thus, the state, citing *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), argues that McGiboney made no objection to the lack of a finding on the question of an indivisible course of conduct in the district court and that this Court may only review his claim of error made for the first time on appeal if he can demonstrate fundamental error. *Perry* holds, so far as relevant here, that an appellate court will only address an error raised for the first time on appeal if the appellant demonstrates fundamental error, and that to demonstrate such error the appellant must show that the alleged error: (1) violates one or more of the appellant's constitutional rights; (2) plainly exists; and (3) was not harmless. *Perry*, 150 Idaho at 228, 245 P.3d at 980. *Peregrina* was decided after *Perry* by our Supreme Court. The majority in *Peregrina* recognized that one of the issues on appeal was the question of whether the alleged error (not submitting the question of indivisibility to the jury) was fundamental error. The majority concluded that, because a finding of indivisibility is not subject to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), a jury is not required to make the finding and no such finding had been made. The case was remanded so that the district court could make a finding on that question. As to the fundamental error issue the majority concluded that, because a finding of indivisibility is not subject to *Apprendi*, the Court did not need to address the fundamental error issue raised on appeal. *Peregrina*, 151 Idaho at 540, 261 P.3d at 818. Justice Warren Jones dissented, stating that failure to submit the question to a jury was fundamental error under *Perry*. *Peregrina,* 151 Idaho at 546-47, 261 P.3d at 823-24.

We perceive that *Peregrina* was not remanded based upon a misperception that the issue had been raised below or a determination that failure of the trial court to address I.C. § 19-2520E

4

was fundamental error under *Perry*. We believe that the Court remanded because no decision had been made at all and there was, therefore, no decision from which to appeal. We, therefore, disagree with the state's assertion that the district court's failure to address the question of whether McGiboney's crimes arose from an indivisible course of conduct is barred from consideration on appeal under *Perry*. As was the case in *Peregrina*, the district court did not address the I.C. § 19-2520E issue. Therefore, the matter must be remanded to the district court for a finding on the issue of whether the crimes of aggravated battery and burglary arose from an indivisible course of conduct pursuant to I.C. § 19-2520E.

**B.     Sentence Review**

McGiboney argues that the district court abused its discretion by imposing excessive sentences. However, because we vacate and remand this case as to McGiboney's enhanced sentences for aggravated battery and burglary, we will only review McGiboney's claim that his sentence for robbery is excessive.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982).

When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). In order to prevail on a claim that a sentence represents an abuse of discretion, the defendant must show in light of the criteria, that the sentence was excessive under any reasonable view of the facts. *State v. Charboneau*, 124 Idaho 497, 499, 861 P.2d 67, 69 (1993); *State v. Small*, 107 Idaho 504, 505, 690 P.2d 1336, 1337

5

(1984). Where reasonable minds might differ, the discretion vested in the trial court will be respected, and this court will not supplant the views of the trial court with its own. *Small*, 107 Idaho at 505, 690 P.2d at 1337. In order to prevail, the appellant must establish that, under any reasonable view of the facts, the sentence was excessive considering the objectives of criminal punishment: (1) protection of society; (2) deterrence of the individual and the public generally; (3) the possibility of rehabilitation; and (4) punishment or retribution for wrongdoing. *State v. Stover*, 140 Idaho 927, 933, 104 P.3d 969, 975 (2005).

The district court sentenced McGiboney to a unified life term, with a minimum period of confinement of fifteen years for robbery. The record demonstrates that McGiboney had previously been convicted of at least one felony and several misdemeanors. At the time McGiboney committed the crimes in this case, he was on probation for felony aggravated assault, misdemeanor battery, and misdemeanor battery on a law enforcement officer. Moreover, McGiboney had not taken any responsibility for his actions, continuing to take a victim's stance and claiming he was innocent of the crimes he was found guilty of. McGiboney has failed to show, under any view of the facts, that his sentence for robbery was an abuse of discretion.

## III.

## CONCLUSION

We vacate McGiboney's enhanced sentences for aggravated battery and burglary and remand to the district court for a finding of divisibility or indivisibility of McGiboney's conduct and resentencing if necessary. We affirm McGiboney's judgment of conviction for aggravated battery and burglary, as well as his judgment of conviction and sentence for robbery.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**