## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 38614

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 587 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 10, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LORI ANN PHILLIPS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Judgment of conviction and consecutive, unified sentences of ten years, with three years determinate, for two counts of delivery of a controlled substance, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Elizabeth Ann Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Lori Ann Phillips appeals from her judgment of conviction for two counts of delivery of a controlled substance and consecutive, unified sentences of ten years, with three years determinate. Specifically, Phillips asserts the district court abused its discretion both when it allowed for the admission of irrelevant, prejudicial evidence and in imposing sentences. She requests this Court to vacate her judgment of conviction and remand the case, or alternatively, to reduce her sentences as is deemed appropriate. Additionally, Phillips appeals from the district court's order denying her Idaho Criminal Rule 35 motion for reduction of sentences. If no relief is granted on the previous assignments of error, Phillips requests a reversal of the order denying her Rule 35 motion and a remand for further proceedings. For the reasons set forth below, we affirm.

1

# I.

## FACTS AND PROCEDURE

On March 2, 2009, a confidential informant for the State arranged to purchase methamphetamine from Phillips. While being monitored by police, the informant met Phillips at her residence and purchased about an ounce of methamphetamine on March 3, 2009. Police arranged another controlled buy using the confidential informant, in which Phillips again delivered roughly an ounce of methamphetamine to the informant on March 12, 2009. The police audio-recorded the second controlled buy.

Based on the two controlled buys, the State charged Phillips with two counts of trafficking methamphetamine, later amended to two counts of delivery of a controlled substance. At the jury trial, the State called the confidential informant to the stand as one of its witnesses. The informant testified in regards to buying methamphetamine from Phillips during each of the two arranged purchases and established foundation to admit a portion of the audio recording from the second buy. Prior to admission of the recording, defense counsel objected to part of the audio recording in which Phillips and the informant discussed the possibility of Phillips selling four more ounces of methamphetamine to the informant at some time in the future. The district court overruled the objection, finding it would lend credibility to the confidential informant and be corroborative of his description of events.[1]

The jury found Phillips guilty on both counts of delivery of a controlled substance, Idaho Code § 37-2732(a)(1)(A). Thereafter, the district court imposed consecutive, unified sentences of ten years, with three years determinate, for each count. Phillips filed a timely notice of appeal as to the judgment of conviction. She also filed a Rule 35 motion for reduction of sentences, which the district court denied. Phillips also appeals from the order denying that motion. On appeal, Phillips asserts the district court erred in three ways: (1) by admitting the portion of the audio recording relating to possible future sales; (2) in imposing harsh sentences; and (3) in denying her motion for a reduction of sentences.

---

[1] The district court sustained an objection by defense counsel as to another portion of the audio recording, and that portion was redacted before the recording was admitted or published to the jury.

## II.

## DISCUSSION

**A.    Admission of Evidence**

Phillips argues a portion of the audio recording introduced into evidence was irrelevant and overly prejudicial.  The particular portion of the recording of which she complains conveyed a conversation between Phillips and the confidential informant regarding possible future sales of larger quantities of methamphetamine.  The State responds that Phillips failed to show the evidence lacked relevance and failed to show the district court abused its discretion in finding the evidence was not unfairly prejudicial.

**1.    Relevance**

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Idaho Rule of Evidence 401; *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010).  The evidence need only be slightly relevant in order to meet the requirements of Idaho Rule of Evidence 401.  *State v. Rossignol*, 147 Idaho 818, 823, 215 P.3d 538, 543 (Ct. App. 2009).  Evidence may be relevant if it corroborates a witness's credibility. *See Johnson*, 148 Idaho at 671, 227 P.3d at 925; *State v. Floyd*, 125 Idaho 651, 653, 873 P.2d 905, 907 (Ct. App. 1994).  Whether evidence is relevant is an issue of law over which we exercise free review.  *Rossignol*, 147 Idaho at 822, 215 P.3d at 542.

Phillips argues the evidence of possible future sales was not relevant, as it did not make it more or less probable that she delivered methamphetamine to the confidential informant on two occasions.  The State responds that, contrary to Phillips' assertions, hearing Phillips on the audio recording discuss possible future sales with the informant, in her own voice, was highly corroborative of the confidential informant in that it tended to show that Phillips, not the informant, was the source of methamphetamine.  Moreover, the State asserts the audio recording went directly to the informant's credibility.  The State points out that the only direct evidence of the two controlled buys was the testimony of the informant, who was cooperating with police in exchange for a lesser sentence on his own charges.  With such an informant, the State's case relied heavily upon circumstantial evidence establishing that the informant was credible in his testimony about the drug transactions, including that the informant did not possess

3

methamphetamine prior to the controlled buys, police recorded the transaction, and the informant's actions were observed and monitored by police to the extent reasonably possible.

We agree with the State and conclude the evidence was relevant to the informant's credibility. The evidence of possible future sales was relevant in establishing that Phillips was not simply present during the controlled buys, but was a participant in the buy and the source of the methamphetamine, as testified to by the informant, and otherwise corroborated the informant's description of events. The district court did not err in its relevancy ruling on this evidence.

### 2. Prejudice

Relevant evidence may, nonetheless, be excluded from trial if the probative value is substantially outweighed by the danger of unfair prejudice. I.R.E. 403. A challenge to evidence under Rule 403 requires the trial judge to engage in a weighing analysis. *State v. Ruiz*, 150 Idaho 469, 471, 248 P.3d 720, 722 (2010). To determine if any unfair prejudice outweighs the materiality and need for the evidence, a court must consider whether the evidence is so prejudicial that it would suggest a jury decision on an improper basis. *State v. Pokorney*, 149 Idaho 459, 465, 235 P.3d 409, 415 (Ct. App. 2010); *Floyd*, 125 Idaho at 654, 873 P.2d at 908. "Evidence is not unfairly prejudicial simply because it is damaging to a defendant's case." *State v. Fordyce*, 151 Idaho 868, 870, 264 P.3d 975, 977 (Ct. App. 2011). As evidence need only be excluded when the probative value is *substantially* outweighed by unfair prejudice, the rule suggests a strong preference for admissibility of relevant evidence. *State v. Martin*, 118 Idaho 334, 340 n.3, 796 P.2d 1007, 1013 n.3 (1990).

A lower court's determination under Idaho Rule of Evidence 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). In an abuse of discretion review, we determine whether the trial court correctly perceived the issue as discretionary, whether the trial court acted within the outer bounds of its discretion and consistently with applicable legal standards, and whether the trial court reached its decision through an exercise of reason. *State v. Whipple*, 134 Idaho 498, 504, 5 P.3d 478, 484 (Ct. App. 2000).

Phillips argues that, even if the evidence regarding possible future sales of methamphetamine was relevant, such evidence should have been excluded due to the prejudicial

4

effect of the evidence on Phillips. She asserts the portion of the audio recording referencing possible future sales of large quantities of methamphetamine portrayed her as a dangerous drug dealer and a substantial threat to society, rather than a person selling only small quantities, and amounted to substantial unfair prejudice. Because defense counsel objected to the evidence at trial, Phillips argues the issue is subject to a harmless error analysis. She asserts she has met her burden of proving error and the State is unable to show the error was harmless. The State asserts, in response, the evidence tending to show that Phillips would be willing to sell four more ounces was not overly prejudicial in light of the fact that evidence showed she had already been a willing participant and sold two ounces to the informant. The State argues the evidence of possible future sales shows no proclivity to do anything other than what the evidence demonstrated she had already done. As such, the State contends Phillips failed to show any abuse of discretion by the trial judge in admitting the evidence.

As previously noted, the evidence of possible future buys not only pointed to Phillips as the source of the methamphetamine, but also tended to show she was an active participant in the delivery. That she was willing to sell more in the future, stated in her own voice, was certainly damaging to the defendant's case. However, at the point Phillips made the statements, the confidential informant had already purchased approximately two ounces from her. Her willingness to sell four more ounces was not so prejudicial as to suggest a jury decision on an improper basis. The court required other portions of the audio recording to be redacted--those portions that tended to suggest Phillips had other drug clientele--before admission or publication to the jury. In doing so, the trial court exercised its discretion and prevented any unfair prejudice to Phillips from the admission of the remaining portions of the audio recording. Therefore, the district court did not abuse its discretion in allowing the redacted recording to be admitted.

**B.     Imposition of Sentences**

Phillips argues her consecutive, unified sentences of ten years, with three years determinate, for each count are excessive under any reasonable view of the facts. In particular, Phillips asserts the district court failed to give proper consideration to the existing mitigating factors. The State responds that Phillips fails to look at the record as a whole or address the factual findings by the district court, showing it considered relevant sentencing factors and did not abuse its discretion when imposing sentences.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). In order to prevail on a claim that a sentence is an abuse of discretion, the defendant must show that in light of sentencing criteria, the sentence was excessive under any reasonable view of the facts. *State v. McGiboney*, 152 Idaho 769, 773, 274 P.3d 1284, 1288 (Ct. App. 2012). Where reasonable minds might differ, we respect the discretion of the trial court and will not supplant the trial court's views with our own. *Id*.

Phillips claims that had the district court properly considered mitigating factors, it would have imposed sentences that focused on her rehabilitation rather than incarceration. She asserts such mitigating factors included her admitted drug abuse and desire for treatment, status as a first-time felony offender, mental health issues, remorse for committing the crimes charged, and employment opportunities. Phillips further claims, as is also reflected in her presentence report statement, that she sold only to support her habit, and was only a minor player in the drug scene. The State responds that evidence at the sentencing hearing showed Phillips had been selling methamphetamine on a nearly daily basis for years to several lower-level distributors and that after the loss of a (legitimate) business due to fire, Phillips supported herself through her sales of methamphetamine, rather than simply engaging in sales to support her habit. Moreover, the State asserts the district court expressly considered several of the factors Phillips argues are mitigating and, thus, Phillips cannot show any abuse of discretion.

6

We accept Phillips' contentions that substance abuse and a desire for treatment, being a first-time offender, mental illness, character of the defendant, and expressions of remorse can all be mitigating factors at sentencing. *See State v. Miller*, 151 Idaho 828, 836, 264 P.3d 935, 943 (2011) (substance abuse); *State v. Hoskins*, 131 Idaho 670, 673, 962 P.2d 1054, 1057 (1998) (first-time offender); *State v. Card*, 121 Idaho 425, 438, 825 P.2d 1081, 1094 (1991) (mental illness); *State v. Shideler*, 103 Idaho 593, 595, 651 P.2d 527, 529 (1982) (character of defendant); *State v. Alberts*, 121 Idaho 204, 209, 824 P.2d 135, 140 (Ct. App. 1991) (remorse and responsibility for actions). Even so, we find two cases particularly instructive.

In *State v. Daniels*, 134 Idaho 896, 11 P.3d 1114 (2000), the Idaho Supreme Court reviewed a unified five-year sentence, with two years determinate, which the defendant challenged as excessive for the charge of aggravated assault and cited many of the same grounds Phillips now asserts. There, the defendant argued the district court abused its discretion in sentencing him because of his remorse for the crime, his admitted drug addiction, the possibility of receiving treatment on a sentence of retained jurisdiction, an unstable home environment, and that the conviction was his first felony. *Id.* at 902, 11 P.3d at 1120. The Supreme Court found that the district court discussed numerous aggravating and mitigating factors, including those cited by Daniels, and concluded the trial court did not abuse its discretion when determining that rehabilitation was a secondary goal to that of deterrence. *Id*.

More notable is *State v. Griffin*, 122 Idaho 733, 838 P.2d 862 (1992). There, the defendant appealed his judgment of conviction for three counts of delivery of a controlled substance--one for cocaine and two for methamphetamine--and argued his sentences were excessive or unreasonable. At sentencing, defense counsel had argued for probation, portraying Griffin's drug dealing as minimal and explaining that Griffin withheld his drug sources due to fear. *Id.* at 734, 838 P.2d at 863. In contrast, the State argued Griffin was a "major drug dealer." *Id*. The trial court noted that first-time drug offenders are usually placed on probation or given suspended sentences, but the court imposed concurrent, unified terms of ten years, with five years determinate, on the methamphetamine counts and a concurrent ten-year indeterminate term on the cocaine count[2] based on Griffin's nondisclosure of his drug sources, admission to multiple

---

[2] The original sentence imposed on the cocaine count was a concurrent, unified ten-year term, with five years determinate. It was modified after it was determined that the federal

offenses in drug dealing over the course of at least a year (even though this was his first conviction), and because the court wanted to send a message that it would not treat drug dealers kindly in sentencing. *Id.* at 735, 838 P.2d at 864. In reviewing Griffin's motion for a reduction of sentences, the trial court considered the mitigating factors, but determined the sentences were well within the statutory maximums and not unreasonable. *Id.* at 735-37, 838 P.2d at 864-66. The Idaho Supreme Court affirmed as to all aspects of the sentences, including the reasonableness of the sentences, but remanded for reconsideration of Griffin's nondisclosure of his drug sources due to fear. *Id*. at 741, 838 P.2d at 870.

Turning to this case, evidence arguably weighing in Phillips favor showed that she began using methamphetamine at age forty-four, around the time she lost her business due to fire. Phillips also argued she used "only when it was available." Phillips expressed interest in substance abuse treatment, had attended some support group meetings prior to trial, acknowledged the negative effects that using methamphetamine had on her life, and had no prior felonies and only one misdemeanor conviction. Additionally, Phillips had been diagnosed as suffering from depression approximately thirty years ago and had taken anti-depressants at the time. More recently, Phillips was diagnosed with amphetamine dependence and major depressive disorder during her mental health assessment. Recommendations in that assessment suggested that Phillips participate in individual treatment and perhaps seek medication. Finally, Phillips asserts she expressed remorse for her actions and has legitimate employment opportunities available to her.

The district court expressly considered these mitigating factors. The court found Phillips' expressions of remorse were sincere and mentioned her lack of any significant criminal history. It also found a need for treatment for mental health and substance abuse problems, but determined those problems were not contributing factors in her *sales* of methamphetamine. The mental health assessment, provided to the court as an addendum to the presentence report, supported this finding. Also, the court found there were numerous factors in the evidence weighing against any mitigating circumstances. Phillips admittedly sold methamphetamine to support her habit, but evidence also showed she engaged in drug sales to finance her entire living

---

minimum confinement terms did not apply to Griffin's charge. *State v. Griffin*, 122 Idaho 733, 735, 838 P.2d 862, 864 (1992).

for roughly two years. The district court also commented on the quantity of the drugs sold. Phillips sold to the informant in ounces, which the informant (prior to being caught) would in turn sell in smaller quantities to up to ten other individuals. The informant testified at sentencing that he was aware of several other low-level distributors that would purchase in such quantities from Phillips and also in turn sell to multiple users. In considering the length of her involvement and the number of people involved, the district court determined Phillips' drug dealing was not a minimal engagement. Moreover, Phillips did not reveal any of her drug sources. In concluding that Phillips was a "significant player in introducing and spreading . . . destruction into [the] community" caused by drugs, the court decided protection of society, deterrence, and retribution were more important factors at sentencing that rehabilitation.

Though it was recommended in the presentence report that Phillips be placed in a retained jurisdiction program, the potential sentence for a conviction of delivery of a controlled substance is up to a determinate life sentence for each count. I.C. § 37-2732(a)(1)(A). Acknowledging that a unified ten-year sentence, with three years determinate, is well within the statutory limits and that the district court provided substantiated findings and reasoning when imposing sentences, we conclude the district court did not abuse its discretion in sentencing Phillips. Phillips' drug activity was akin to the defendant's drug activity in *Griffin*, and the imposed sentences in *Griffin* were greater than the sentences in this case, though we recognize Phillips is to serve her terms consecutively. Moreover, *Daniels* makes clear that a district court does not err in sentencing a defendant simply by placing deterrence above rehabilitation. Consequently, Phillips has failed to show her sentences are excessive upon any reasonable view of the facts of her case.

## C. Denial of the Motion for a Reduction of Sentences

Lastly, Phillips argues the district court abused its discretion in denying her Idaho Criminal Rule 35 motion for reduction of sentences in light of the new or additional information subsequently provided to the court. The State calls attention to the fact that Phillips presented only argument on her Rule 35 motion and contends Phillips cannot, therefore, show an abuse of discretion by the trial court in denying the motion.

A motion for reduction of sentences under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In

presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

We conclude none of the assertions Phillips made in support of her motion for reduction of sentences were unknown to the district court at the time it imposed sentences. We determined those sentences were not excessive in light of our review of the record, and having failed to assert any "new or additional information," Phillips cannot show the district court abused its discretion in denying her Rule 35 motion.

### III.

### CONCLUSION

We conclude the evidence regarding possible future sales by Phillips to the informant was relevant and the probative value was not substantially outweighed by unfair prejudice. Therefore, the district court did not err in allowing its admission. We further conclude the district court did not abuse its discretion in imposing sentences, and because Phillips did not assert any new or additional information in support of her motion for reduction of sentences, the district court likewise did not err in denying that motion. Accordingly, we affirm Phillips' judgment of conviction and sentences and the district court's order denying Phillips' Idaho Criminal Rule 35 motion.

Judge LANSING and Judge MELANSON **CONCUR.**