**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40683**

| | | |
|---|---|---|
| BARBARA CROSBY VEENSTRA, a/k/a BARBARA C. JANSSON, | ) ) | 2014 Unpublished Opinion No. 354 |
| | ) | |
| Plaintiff, | ) ) | Filed: February 7, 2014 |
| | ) | Stephen W. Kenyon, Clerk |
| v. | ) ) | |
| | ) | THIS IS AN UNPUBLISHED |
| ALBERT PETE VEENSTRA, III, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant, | ) ) | |
| and | ) ) | |
| | ) | |
| IDAHO DEPARTMENT OF HEALTH & WELFARE, CHILD SUPPORT SERVICES, | ) ) | |
| | ) | |
| Intervenor-Respondent. | ) ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. John K. Butler, District Judge; Hon. Casey U. Robinson, Magistrate.

Appellate decision of district court affirming magistrate court's order renewing judgment for child support, <u>affirmed</u>.

Albert P. Veenstra, III, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; M. Scott Keim, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Albert Pete Veenstra, III, appeals from the district court's decision on intermediate appeal affirming the magistrate's order granting the Idaho Department of Health and Welfare's motion to renew a child support judgment. We affirm.

1

# I.

## BACKGROUND

In 1991, a judgment was entered against Veenstra ordering him to pay child support for his then three-year-old daughter. The Idaho Department of Health and Welfare, Bureau of Child Support, has been involved in enforcing the child support obligation from its inception.[1]

On October 17, 2011, the Department filed in the existing case a motion to renew the judgment under Idaho Code §§ 10-1110 and 10-1111, as amended and modified by 2011 Idaho Sessions Laws, ch. 104, § 5, and ch. 331, § 5. Veenstra responded with a number of filings, including an objection and motion to dismiss. He contended primarily that the judgment had already expired by operation of law and could not be renewed. At a hearing, the magistrate rejected Veenstra's objections and granted the Department's motion. A renewed judgment was filed May 16, 2012.

Veenstra appealed to the district court, raising various claims of error. The district court affirmed the magistrate's decision in all respects. Veenstra now further appeals.

# II.

## STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we examine the record from the magistrate court to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008); *State v. DeWitt*, 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Losser*, 145 Idaho at 672, 183 P.3d at 760. Thus, this Court does not directly review the decision of the magistrate court. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *Id.* Over questions of law, including statutory interpretation, we exercise free review. *Fields v. State*, 149 Idaho 399, 400, 234 P.3d 723, 724 (2010); *Rhoades v. State*, 148 Idaho 247, 250, 220

---

[1]     *See* I.C. §§ 56-203A, 56-203B, 56-203C.

P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Veenstra first claims that res judicata and collateral estoppel prevented the Department from relitigating the terms of his child support obligation. The district court held that because Veenstra failed to raise the applicability of these doctrines before the magistrate, he was precluded from doing so for the first time on intermediate appeal. The district court did not err; issues not raised before the trial court are not to be considered for the first time on appeal. *Highland Enterprises, Inc. v. Barker*, 133 Idaho 330, 341-42, 986 P.2d 996, 1007-08 (1999); *Schiewe v. Farwell*, 125 Idaho 46, 49, 867 P.2d 920, 923 (1993).[2]

Veenstra next contends that the magistrate erred by not granting his prehearing motion seeking entry of default under Idaho Rule of Civil Procedure 55(a)(1) on his motion to dismiss because, he says, the Department did not "timely file an answer" to his "pleadings" within twenty days. This claim of error is without merit because entry of default is allowed only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . ." I.R.C.P. 55(a)(1). By opposing the Department's motion, Veenstra was not seeking a "judgment for affirmative relief" within the meaning of the rule as is the case when a plaintiff in a civil suit files a complaint against a defendant or when the defendant responds with a counterclaim against the plaintiff. Neither a motion nor a motion to dismiss a motion are "pleadings" by which a judgment may be sought as that term is used in the Idaho Rules of Civil Procedure. *See generally* I.R.C.P. 7(a) (types of

_____

[2]      Moreover, the doctrines simply do not apply to this case. The doctrine of res judicata encompasses both claim preclusion (true res judicata) and issue preclusion (collateral estoppel). *Ticor Title Co. v. Stanion*, 144 Idaho 119, 123, 157 P.3d 613, 617 (2007); *Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805 (2002). Claim preclusion bars a subsequent action between the same parties upon the same claim, and issue preclusion protects litigants from relitigating an identical issue with the same party or its privy. *Ticor*, 144 Idaho at 123, 157 P.3d at 617; *Rodriguez v. Dep't of Corr.*, 136 Idaho 90, 92, 29 P.3d 401, 403 (2001); *Platz v. State*, 154 Idaho 960, 971, 303 P.3d 647, 658 (Ct. App. 2013). Here, the Department's motion seeking renewal of the judgment did not seek to relitigate any of the terms of Veenstra's child support obligation, nor was the motion a subsequent action between the parties.

pleadings allowed). In short, the Idaho Rules of Civil Procedure do not authorize any such thing as a default judgment on a motion.

Veenstra next argues that the applicable statute did not allow renewal of the judgment for child support because the judgment expired in September of 2010 and the Department's motion for renewal was not filed until October of 2011. The district court held that the magistrate did not err in rejecting this argument because that express statutory language in the Idaho Session Laws allowed the Department until December 30, 2011, to file its motion for renewal. Review of this claim of error requires reference to I.C. §§ 10-1110 and 10-1111, as amended and modified by 2011 Idaho Session Laws, ch. 104, § 5, and ch. 331, § 5. As amended in 2011 and effective at the time of the filing of the Department's motion, I.C. § 10-1110 provides, "A lien arising from the delinquency of a payment due under a judgment for support of a child issued by an Idaho court continues until five (5) years after the death or emancipation of the last child for whom support is owed under the judgment unless the underlying judgment is renewed . . . ." Also as amended in 2011, Idaho Code § 10-1111(2) provides:

> Unless the judgment has been satisfied, and prior to the expiration of the lien created in section 10-1110, Idaho Code, or any renewal thereof, a court that has entered a judgment for child support may, upon motion, renew such judgment. The renewed judgment may be enforced in the same manner as the original judgment, and the lien established thereby shall continue for ten (10) years from the date of the renewed judgment.

Idaho Code Ann. § 10-1111 (West).

If these statutory provisions are viewed in isolation, Veenstra would be correct as the child for whom he was ordered to pay support reached the age of majority in September of 2005. The lien of the judgment thus expired in September 2010, and the Department's renewal motion was not filed until October 2011. However, under Section 5 the same 2011 amendments (2011 Idaho Session Laws ch. 104, § 5, and ch. 331, § 5), the Idaho Legislature also enacted the following provision:

> An emergency existing therefor, which emergency is hereby declared to exist, this act shall be in full force and effect on and after its passage and approval, and retroactively to July 1, 1995, *and shall apply to all orders currently being enforced by the Idaho Department of Health and Welfare Child Support Program such that any Idaho judgment for child support that would otherwise have expired since July 1, 1995, may be renewed on or before December 30, 2011.*

4

Idaho Session Laws, §§ 331 and 104 (emphasis added).

Veenstra advances a number of challenges to the application of the italicized portion of the law in this case. He first contends that the magistrate erred by determining that the Department's motion was timely because, in his view, that section of the session law is not part of the "statute" but instead constitutes mere "legislative minutes" that conflict with the plain language of I.C. §§ 10-1110 and 10-1111. Contrary to Veenstra's position, the enactment is part of the statute. Article IV, Section 10 of the Idaho Constitution provides, in relevant part: "Every bill passed by the Legislature shall, before it becomes a law, be presented to the governor. If he approve[s], he shall sign it, and thereupon it shall become a law." Further: "All general laws enacted at any session of the legislature shall be printed in a volume known as the Session Laws." Idaho Code § 67-904(1). Thus, the Session Laws of the state of Idaho are the complete and official record of Idaho statutes. Veenstra has shown no district court error in the rejection of this contention.

Veenstra next contends that because the enactment allows renewal of an "Idaho judgment for child support that would otherwise have expired since July 1, 1995," it necessarily does not allow renewal of child support judgments that have already expired. The district court rejected this argument, holding that "if the language meant what the Appellant argues it does, then the law would be meaningless." We agree with the district court. When this Court must engage in statutory construction because an ambiguity exists, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). It is incumbent upon a court to give an ambiguous statute an interpretation that will not render it a nullity, *id.*, and effect must be given to all the words of the statute if possible, so that none will be void, superfluous, or redundant. *State v. Mercer*, 143 Idaho 108, 109, 138 P.3d 308, 309 (2006). Because I.C. §§ 10-1110 and 10-1111 in isolation already allow renewal of judgments that have not yet expired, if the exception for judgments being enforced by the Department also applied only to judgments that have not yet expired, as Veenstra contends, then the additional provision would be entirely redundant. Instead, the clear intent of the provision is to provide a time window for the Department to move to renew judgments for child support that expired at any time since July 1, 1995. Veenstra has shown no district court error in the rejection of this argument.

5

Lastly, Veenstra focuses on language of the provision providing that child support judgments "may be renewed on or before December 30, 2011," and argues that because the renewed judgment was not obtained until May 16, 2012, the renewal was untimely. Again, we disagree. The statute of limitations for renewal of a judgment under I.C. § 10-1111 requires only that the *motion* for renewal be filed within the time limit; it does not require that the court act on the motion within the time limit. *Smith v. Smith*, 131 Idaho 800, 802, 964 P.2d 667, 669 (Ct. App. 1998). Here, the Department's October 17, 2011, motion was timely filed. Veenstra has shown no district court error.

The district court's appellate decision affirming the magistrate court's order is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**